**Andrew HUSKA, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

No. 23171.

United States Court of Appeals Fifth Circuit.

Oct. 27, 1966.

Andrew Huska, pro se.

Thomas M. Buamer, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., M. D. Florida, for appellee. Eli Kaplan, Deputy Regional Atty., Dept. of Health, Education, and Welfare, Atlanta, Ga., of counsel.

Before BROWN, GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM.

The present appeal, unlike so many we receive involving claims for Social Security disability benefits, presents solely a question of statutory construction in the computation of the amount payable. The parties agree that in Claimant-Appellant's own unique case, it would be advantageous to him to use his earnings in the years beginning in 1937, because they were considerably higher than his earnings subsequent to 1949 when he became self-employed. The dispute is over how many "benefit computation years," 42 U.S.C.A. § 415(b) (2) (A), must be included in computing the "average monthly wage." Claimant in his *pro se* briefs and arguments contends that he need include only his eleven best years between 1937 and 1966, relying primarily on a pamphlet issued by the Government[1] which sets out one of the methods for computing benefits. The Government agrees that this would be proper had the Claimant chosen to rely solely on his earnings subsequent to 1950, 42 U.S.C.A. § 415(b). The Government contends, however, and the Administrator and District Court agree, that by incorporating

---

1. Leaflet 855, U.S. Department of Health, Education and Welfare, Social Security Administration (October 1965).

**864**

his earnings beginning in 1937 in the computation, Claimant falls within subsection (d) of § 415. Consequently, he must include *all* the years subsequent to 1937 as "benefit computation years," not just the years subsequent to 1950.[2] We are in accord with this interpretation of the statute and the computation it produces.

Affirmed.

2. The Claimant may, of course, still exclude his five lowest earning years. 42 U.S.C.A. § 415 (b)(2)(A).