William F. RAY, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

William F. RAY, Appellee,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellant.

Nos. 11358, 11419.

United States Court of Appeals Fourth Circuit.

Argued Nov. 9, 1967.

Decided Dec. 8, 1967.

---

Franklin W. Kern, Charleston, W. Va., for appellant in No. 11,358 and appellee in No. 11,419.

William Kanter, Attorney, Department of Justice (Carl Eardley, Acting

Asst. Atty. Gen., Morton Hollander, Attorney, Dept. of Justice, and Milton J. Ferguson, U. S. Atty., on brief), for appellee in No. 11,358 and appellant in No. 11,419.

Before HAYNSWORTH, Chief Judge, MARVIN JONES *, Senior Judge, and BOREMAN, Circuit Judge.

HAYNSWORTH, Chief Judge.

On cross appeals in this Social Security case we conclude that the claimant was awarded all that he was due, but we remand the case to the District Court for the redetermination of a reasonable fee for the lawyer.

In 1958, Ray, the claimant, filed an application for a period of disability pursuant to § 216(i) of the Social Security Act.[1] At that time Ray was less than fifty years old and the only benefit to which he was entitled was the elimination of the period of disability from his earnings record. The statute was amended in 1960 to permit persons under fifty years of age to receive monthly disability benefits,[2] but only upon an application for such benefits filed in or after the month in which the amendment was enacted.

At a hearing in December 1960 the claimant was informed of the amendment of the Act, and he testified that promptly thereafter he filed a claim for disability benefits. His testimony was corroborated in part by his wife who said that she collected certain papers for his use in that connection. The records of the Social Security Administration contain no indication of the filing of any such claim until September 1964.

Meanwhile, there was an administrative denial of the 1958 claim for a period of disability. The District Court affirmed the administrative determination, and

Ray appealed to this Court. We remanded the case to the Secretary for further proceedings.[3]

On remand, the Secretary awarded the claimant a period of disability since 1960 and monthly disability benefits from September 1963, the latter award being based upon the 1964 application.[4] This was done on the basis of a finding that the claimant had filed no claim for disability benefits before the September 1964 claim.

■ We think the District Court properly accepted the administrative finding that no claim for disability benefits had been filed before the 1964 claim. The facts that no such claim was to be found in the records of the Social Security Administration and that there was no notation or record of the receipt or filing of any such claim, if not conclusive, furnish substantial evidence in support of the finding. The factfinder was not bound to accept the self-serving testimony of the claimant and his wife, otherwise unsubstantiated, to the contrary.

■ When there is substantial support in the record for the administrative finding, it must be accepted by the courts.[5]

■ Nor can we construe the 1958 application for a period of disability as an application for disability benefits upon which an award could be made under the 1960 amendment, for, as we have noted, the 1960 amendment expressly limited the award of disability benefits under the amendment to applications filed in or after the month of the amendment's adoption.

We conclude, therefore, that the District Court properly accepted the administrative determination that disability benefits were payable only from September 1963.

* Sitting by designation.

1. 42 U.S.C.A. § 416(i).

2. Act of September 13, 1960, Pub.L. No. 86–778, § 401, 74 Stat. 924.

3. Ray v. Celebrezze, 4 Cir., 340 F.2d 556.

4. Under 42 U.S.C.A. § 423(b) an award of benefits may be made retroactive for only twelve months.

5. 42 U.S.C.A. § 405(g). See Thomas v. Celebrezze, 4 Cir., 331 F.2d 541, 543.

When the first judicial litigation terminated in a remand of the proceedings to the Secretary for further administrative consideration, a favorable court judgment was entered within the meaning of 42 U.S.C.A. § 406(b) (1), justifying a judicial award of a reasonable attorney's fee if, subsequently, there was an administrative or judicial award of benefits.[6] In counsel's fee application in this case, however, he listed not only services in the District Court and this Court in the original proceedings; he listed also all services rendered in the administrative proceedings and in the District Court on his unsuccessful challenge of the limitation of accrued benefits to those due on and after September 1963. In making a general award of a fee, the District Court did not limit its consideration to the successful original judicial proceedings, but apparently considered the administrative proceedings and the claimant's unsuccessful judicial proceedings then before it. As we subsequently held in another case, the Court had no jurisdiction to make an award of a fee for services in the administrative proceedings, Robinson v. Gardner, 4 Cir., 374 F.2d 949, nor did it have any jurisdiction to award a fee for services rendered in the later unsuccessful attempt to collect benefits accrued prior to September 1963.

For that reason, the case will be remanded to the District Court with leave to counsel, if he be so advised, to apply to the Administrator for an allowance of a reasonable fee for services rendered in the administrative proceedings and to the District Court for a reasonable fee for services rendered in that Court and in this Court in the original proceedings on the application for a period of disability.

We express no opinion on the reasonableness of the fee actually allowed by the District Court.

Affirmed in part; vacated and remanded in part.

6. Conner v. Gardner, 4 Cir., 381 F.2d 497.