**Cora L. GADDIS, Plaintiff,**

v.

**Wilbur COHEN, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 835.**

United States District Court
M. D. Georgia,
Thomasville Division.

Dec. 20, 1968.

No appearance for plaintiff.

Floyd M. Buford, U. S. Atty., and Walker P. Johnson, Jr., Asst. U. S. Atty., Macon, Ga., for defendant.

ELLIOTT, District Judge:

This is an action under § 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)) to review a decision of the Secretary of Health, Education and Welfare denying the claim of the Plaintiff for an increase in the rate of Social Security benefits payable to her under § 202(a) of the Act (42 U.S.C. § 402(a)), and also denying her claim that all increases in her benefit rate should be made retroactive to the first month in which she became entitled to benefits.

The Plaintiff applied for old-age insurance benefits on February 21, 1963. She was awarded benefits effective November, 1962. After finding that the Plaintiff's Social Security earnings record for the year 1960 should be credited with self-employment income not previously reported to the Internal Revenue Service, the amount payable to her as benefits was subsequently increased effective November, 1962, the first month of her entitlement.

In August, 1966 the Secretary again determined that the Plaintiff's benefit rate should be increased, this time based on a finding that the Plaintiff's earnings record for the year 1961 should be credited with additional self-employment income. This benefit increase was also made retroactive to November, 1962. Following the 1965 amendments to the Social Security Act the Plaintiff was notified in August, 1966 that her benefit rate had again been increased by virtue of these amendments. This benefit increase, however, was made effective only for months after December, 1964.

The Plaintiff was dissatisfied with the Secretary's determination and requested that it be reconsidered, claiming that she was entitled to a higher benefit and further contending that all benefit increases should be made retroactive to her first month of entitlement. The Secretary denied her claim and subsequently the Plaintiff requested and was granted a hearing. After considering the Plaintiff's testimony and other evidence of record the Hearing Examiner concluded on March 29, 1967 that the Plaintiff's claim should be denied. When the Appeals Council denied a request for review of the Examiner's decision that decision became the final decision of the Secretary, which is now before this Court for review.

The issue for determination is whether the Secretary's decision (1) that the Plaintiff is not entitled to a higher benefit rate than that determined by the

Secretary, and (2) that the Plaintiff has been awarded all benefits to which she is retroactively entitled, is supported by substantial evidence.

The Defendant has filed a motion for summary judgment based upon the record, this motion being supported by a brief. The Plaintiff is not represented by counsel and requested an oral hearing. This oral hearing was granted and at the time of the hearing the Plaintiff submitted certain written matter in opposition to the Defendant's motion for summary judgment. The Court has given consideration to the brief submitted by the Defendant and has given consideration to the oral presentation made by the Plaintiff and to the written matter filed by her in support of her position, and files this opinion in compliance with the requirements of Rule 52 of the Federal Rules of Civil Procedure.

The Plaintiff became 62 years of age in November, 1959 and she was fully insured in that year. The year 1959 is, therefore, the first year she would have been eligible for old-age insurance benefits.[1] She was not actually entitled to receive benefits, however, until November, 1962 because she did not file an application until February, 1963, and at that time elected to receive benefits beginning with November, 1962, that being the month she attained age 65.[2]

The Plaintiff's Social Security earnings record shows earnings credited to her account for the years 1955 to 1962, inclusive. She was awarded a monthly benefit of $85.00 effective November, 1962 and the certificate which was issued to her at that time notes that this benefit amount is based on earnings of $3,000.01 for 1960 and $1,647.93 for 1961. Subsequently, the Appeals Council determined that the Plaintiff should be credited with the maximum self-employment income figure of $4,800.00 for the year 1960 rather than the previously credited figure of $3,000.01. Accordingly, in February, 1965 the Plaintiff was notified that her benefits had been recalculated and that her new monthly benefit rate effective November, 1962 was $92.00.

By virtue of a general increase in benefit rates embodied in the 1965 amendments to the Social Security Act, in September, 1965 the Plaintiff's benefit amount was raised to $98.50 monthly.

In August, 1966 it was decided that the Plaintiff's earnings record should be credited also with the maximum $4,800.00 for the year 1961 instead of the previously credited figure of $1,647.93, and pursuant to this determination the Plaintiff was notified on August 30, 1966 that her benefit rate had again been recalculated to give her credit for these additional earnings and that this resulted in a new benefit rate for her in the amount of $110.30 monthly, and that this was effective January, 1965.

Thus, the Plaintiff was credited with earnings of $1,200.63 for the year 1958, $1,801.11 for the year 1959, and $4,800.00 for each of the years 1960, 1961 and 1962, and these were the years of her highest earnings. This is true because the record shows that in each of the years 1963, 1964 and 1965 the Plaintiff earned less than $1,200.00 and so her benefits were not subject to work deductions for those years under the Social Security Act.[3]

In 1965 Congress enacted the Medicare program and as of July, 1966 the Plaintiff was entitled to participate in that program. She chose to participate in it, so, beginning with that month a monthly premium of $3.00 has been deducted from her monthly benefits.

Various Social Security Administration working papers and memoranda demonstrating how the Plaintiff's benefit has been computed are contained in

1. Section 202(a) of the Social Security Act.

2. Sections 202(j)(1) and 202(j)(3) of the Social Security Act.

3. Section 203(b) of the Social Security Act.

the record and have been reviewed by the Court.

■ In applying the law to the facts of this case we initially remind ourselves that this Court's jurisdiction to review the Secretary's decision is limited and the findings of the Secretary as to any fact if supported by substantial evidence are conclusive. We now apply the facts as we interpret them to the law as we understand it.

The Plaintiff became entitled to benefits in 1962. Under the law her benefits could be computed either under § 215 of the Act, as amended in 1958, or alternatively, under § 215 of the Act, as amended in 1960. In this case the Secretary used the 1960 method because it resulted in a higher benefit for the Plaintiff.

An individual's monthly benefit rate is based on his "primary insurance amount" which is in turn derived from his "average monthly wage".[4] Under both the 1960 and the 1958 methods of computation an individual's "average monthly wage" is computed by dividing the total earnings in his "benefit computation years" by the number of months in those years. Under the 1960 method the number of an individual's "benefit computation years" equals the number of "elapsed years" minus five. The number of "elapsed years" is the number of calendar years after 1950 and, in the case of a woman, before the first year after 1960 in which she was both fully insured and attained age 62. Benefit computation years may include only calendar years occurring after 1950 and prior to the year in which the individual actually became entitled to old-age insurance benefits, but the Secretary may include the year of entitlement if this would result in a higher primary insurance amount. Benefit computation years must be the years in which the individual's earnings were the *largest*. According to this formula it is obvious that the individual's five years of lowest earnings are excluded from the computation.

The Secretary applied this statutory formula to the facts of the Plaintiff's case as follows: the number of the Plaintiff's elapsed years is the number of years after 1950 and before 1961 since 1961 is the first year after 1960 in which the Plaintiff was both fully insured and had attained age 62. This number—the number of years from 1951 to 1960 inclusive—is 10. Therefore, the number of the Plaintiff's benefit computation years is the number of her elapsed years reduced by 5, or 5. The Plaintiff's 5 benefit computation years —the years whose earnings are used to compute the average monthly wage—are the 5 years in which she had the highest earnings. Those years were 1958, 1959, 1960, 1961 and 1962. (1962, the first year of the Plaintiff's entitlement, was included because it resulted in a higher primary insurance amount for the Plaintiff.) There are 60 months in 5 years, so the total earnings in those years are divided by 60, and this yields an average monthly wage of $290.00. The appropriate table is set out in § 215 of the Act, as amended in 1965, and this yields a primary insurance amount of $110.30 based on an average monthly wage of $290.00. The benefit thus awarded by the Secretary of $110.30 a month to the Plaintiff after refiguring her benefit rate in August, 1966 to take into account additional self-employment income for the year 1961 is accordingly the correct amount payable to her.

The 1958 law authorizes several methods of computation, one of which would result in an averaging of only 3 years' earnings for the Plaintiff. According to this method, the dividend is the individual's total earnings after December 31, 1950 (the "starting date") and before the first day of the first year in which the individual is both fully insured and attains retirement age (the "closing date"), in this case January 1, 1959. However, the 5 lowest years of earnings during this interval are "dropped", i. e., not considered. The total earnings dur-

---

4. Section 215(a) of the Social Security Act.

ing the remaining years are divided by the number of months elapsing after the starting date and prior to the closing date (in the Plaintiff's case 96) to yield the average monthly wage. It will be noted that under this method the selection of years whose earnings may be included in the dividend is in the Plaintiff's case necessarily more restricted than the years used with the 1960 method. The number of such years is also smaller. The 1960 method considers all years after 1950 up to the first year *after 1960* in which the individual was fully insured and attained age 62; the 1958 method considers the years after 1950 and before the year when the individual was fully insured and attained age 62, regardless of whether that year was before or after 1960. As previously noted, the number of the Plaintiff's benefit computation years under the 1960 method is 5. But under the 1958 method it would be 3—i. e., the 8 years from 1951 to 1958 inclusive, minus 5—and those 3 years *must be years before 1959*. With the 1958 method, the divisor (96) is larger than with the 1960 method (60), and so will result in a correspondingly smaller quotient.

The Plaintiff objects to the method used to compute her benefits, contending that she should have only 3 benefit computation years instead of 5, as determined by the Secretary. She also argues that these 3 years should be the 3 years of her highest earnings—1960, 1961 and 1962. She, in effect, requests, therefore, a formula which would combine the favorable features of the two different formulas which were available to her. She wants to select her benefit computation years to include 1960, 1961 and 1962, as authorized by the 1960 formula, and apparently wants the smaller divisor of the 1960 formula. On the other hand, she wants only 3 benefit computation years, consistent with the 1958 rather than the 1960 formula, so that only her years of maximum earnings will be averaged.

■■ As we interpret the law, the Secretary cannot under the statute apply part of the 1960 law and part of the 1958 law in order to reach a more favorable result in the Plaintiff's case. He is required to use one formula or the other. Since 1961 was the first year *after 1960* that the Plaintiff was fully insured and age 62, then under the 1960 method her benefit computation years cannot be any less than 5, and since 1959 was the first year she was fully insured and had attained age 62, the 1958 method does not permit the use of the years 1960, 1961 and 1962 as benefit computation years.

■ As the Court interprets the Plaintiff's argument in this regard, she feels that the number of her benefit computation years depends on the number of years that she had earnings covered under the Social Security Act. We do not understand this to be true because, as heretofore indicated, the number of benefit computation years is derived from the number of "elapsed years" and the 1960 law defines "elapsed years" simply in terms of years after 1950 and before the individual's eligibility for benefits. The number of years the Plaintiff had worked in covered employment or had creditable earnings is, therefore, immaterial. It is also immaterial under the 1958 law.

Contentions similar to those here made by the Plaintiff were considered by the Court of Appeals for the Fifth Circuit in Huska v. Gardner, 367 F.2d 863 (1966), in which case the Court of Appeals held that there is no authority for reducing the number of an individual's benefit years in any manner other than as authorized by the statute.

■ The Plaintiff also contends that prior to the time her benefits were refigured in 1966 a Social Security official told her that her benefits would be computed using only the 3 years of 1960, 1961 and 1962 as her benefit computation years. The only evidence in the record to indicate such misinformation

is the statement of the Plaintiff herself, and it may be that the Plaintiff misunderstood the information which was given, but regardless of whether the misinformation was actually given her, and even if it should appear that she was misled by that statement or by some publication of the Social Security Administration, it is settled law that the Government is not bound by erroneous or misleading statements of its agents. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1948).

The Plaintiff's second principal objection to the Secretary's determination is that the increase in benefit rates enacted by the Congress in the 1965 amendments were not made retroactive to her first month of entitlement. The difficulty here seems to be that the Plaintiff has failed to distinguish between the benefit adjustments due to additional earnings being credited to her account and the benefit increase effected pursuant to the 1965 amendments to the Act. She seems to have been confused by the Social Security Administration's notice to her in August, 1966 advising her that her benefits had been refigured. By this notice she was advised that her benefits had been refigured based on additional earnings credited to her account for the year 1961 and the notice also informs her that her new benefit rate effective in 1965 is $110.30. These are two wholly separate adjustments to the Plaintiff's benefit rate which must be distinguished from each other, the first adjustment being due to the additional earnings credited to her account, and second, the increase enacted by the 1965 amendments.

■ Before either of these adjustments were made the Plaintiff's benefit

was $92.00. The crediting of additional 1961 earnings resulted in a benefit increase from $92.00 to $103.00, and this increase was made effective with November, 1962, the first month of the Plaintiff's entitlement, as reflected by back benefits of $491.00 paid to the Plaintiff at the time of effectuation.[5] The 1965 amendments, when applied to the Plaintiff's new benefit rate, raised her benefit to $110.30. (The $110.30 amount is the benefit actually payable after adjustment for the $3.00 medicare premium.) But this increase was made retroactive only to January, 1965, because § 301(d) of Public Law 89–97, 79 Stat. 286 expressly provides with respect to this benefit increase "The amendments made by subsections a * * * of this section shall apply with respect to monthly benefits under title II of the Social Security Act for months after December, 1964 * * *." It is therefore obvious that the Plaintiff has not been "cut out" of any Social Security benefits to which she otherwise would have been entitled.

Based on the foregoing analysis we are led to the conclusion that the Secretary's decision that (1) the Plaintiff is not entitled to a higher benefit rate than that determined by the Secretary, and (2) the Secretary has awarded her all benefits to which she is retroactively entitled, is in conformity with the applicable law and is supported by substantial evidence in the record. Accordingly, the Defendant's motion for summary judgment will be sustained and judgment will be entered in conformity herewith. However, no costs or charges shall be recovered by the Defendant against the Plaintiff.

It is so ordered.

5. The record shows that although the Plaintiff was entitled to benefits, they were not payable to her for the months of November and December, 1962 due to the imposition of work deductions pursuant to section 203(b) of the Act, 42 U.S.C. 403(b).