**Simonne BERARD, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 66-472-J.**

United States District Court
D. Massachusetts.

Dec. 31, 1969.

J. Louis LeBlanc, New Bedford, Mass., for plaintiff.

Herbert F. Travers, Jr., U. S. Atty., Thomas P. O'Connor, Asst. U. S. Atty., for defendant.

## OPINION

JULIAN, District Judge.

The plaintiff brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a "final decision" of the Secretary of Health, Education and Welfare.

The administrative proceedings have stretched over a number of years. On March 2, 1959, plaintiff filed an application to establish a period of disability. Her application was denied initially on June 4, 1959, and on reconsideration. At plaintiff's request a hearing examiner reviewed her application and, on October 31, 1960, determined that plaintiff was not entitled to the establishment of a period of disability. He found that plaintiff did not suffer from "an impairment of such severity that she is prevented from engaging in any substantial activity." Plaintiff did not seek to have the Appeals Council review the hearing examiner's decision until May 13, 1965, four and a half years later. This request was not entertained because it was not filed within the time specified.

In the interim plaintiff had filed an application for disability insurance benefits on December 17, 1962. The form of this application includes a request both for disability benefits and for establishment of a period of disability. On the basis of this application plaintiff was awarded (1) a period of disability commencing June 18, 1961, and (2) disability insurance benefits commencing December 1961.[1] When the Act was amended in 1964 the Social Security Administration changed the commencement of plaintiff's period of disability to March 3, 1959, adjusted her disability benefits, and granted her an increase in benefits retroactive to November 1963.[2]

Plaintiff filed her third and final application—one for disability insurance benefits—on October 20, 1964. On February 18, 1966, a hearing examiner for the Social Security Administration determined, on the basis of the medical evidence in the record, that plaintiff was entitled to a period of disability commencing November 6, 1957. However, he found further that the earlier date did not entitle plaintiff to additional disability benefits. Plaintiff's request to the Appeals Council of the Social Security Administration for review of the hearing examiner's decision was denied on April 4, 1966. Thus, the decision of the hearing examiner became the "final decision" of the Secretary.

To capsulize the evidence, plaintiff has received a period of disability commencing November 6, 1957, and disability benefits commencing December 1961. In this action plaintiff seeks disability benefits for the period from May 1960 to June 18, 1961.[3]

1. Prior to 1964 the period of disability could not begin more than 18 months prior to the day on which the application was filed. See 42 U.S.C. § 416 Historical Note (1964 Amendment).

   Disability benefits were and are limited retroactively to 12 months from the month in which the application was filed. 42 U.S.C. § 423(b).

2. The 1964 Amendment of Section 216(i) (42 U.S.C. § 416(i)) had a 12-month retroactive limitation. 1964 U.S.Code Cong. & Adm.News, p. 1222.

3. It is not immediately apparent why disability benefits are sought for this period. In May 1960 plaintiff became 50 years of age. Prior to 1960, disability benefits were not available to those who had not attained the age of 50. 42 U.S.C. § 423

Historical Note (1960 Amendment); 1960 U.S.Code Cong. & Adm.News, p. 1351. Apparently it is conceded by plaintiff that she has no justifiable claim to disability benefits prior to May 1960.

June 18, 1961, represents the date the Social Security Administration determined plaintiff's *period of disability* was to commence by reason of her application of December 17, 1962. June 18, 1961, has nothing to do with the period during which plaintiff is entitled to *disability benefits*. Two counsel, representing plaintiff at different stages of the judicial proceedings, have indicated in separate papers in this case that plaintiff seeks disability benefits ending June 18, 1961. Perhaps, through clerical error or otherwise, counsel used June 18, 1961, as the termination date when December

Defendant has filed a Motion for Summary Judgment. The question is whether plaintiff is entitled to additional monthly disability benefits by virtue of any of her three applications. For the reasons which follow, the Motion for Summary Judgment is granted.

When plaintiff filed her first application on March 2, 1959, she was not 50 years old and consequently not entitled to disability benefits. 42 U.S.C. § 423 Historical Note (1960 Amendment); 1960 U.S.Code Cong. & Adm.News, p. 1351. Subsequently, the Act was amended to allow benefits to persons under 50. Id. In 1965 another amendment allowed a person, not eligible for disability benefits on first making application, to receive disability benefits if he became eligible during the pendency of the administrative or judicial proceedings. These amendments arguably entitle plaintiff to additional benefits.

■ The short answer to this possibility is that plaintiff did not satisfy the eligibility requirements while the proceedings were pending. To be entitled to disability benefits an applicant must, among other things, file an "application for disability insurance benefits." 42 U.S.C. § 423(a) (1) (C). Plaintiff's March 2, 1959, application was for the establishment of a period of disability rather than for disability benefits. Her first application for disability benefits was filed on December 17, 1962, but the final decision of the Secretary must be considered the hearing examiner's decision rendered October 31, 1960. No judicial review was sought. Hence, plaintiff did not satisfy the eligibility requirements while the proceedings were pending. Language in the hearing examiner's decision of February 18, 1966, could be construed as reopening the hearing examiner's decision of October 31, 1960, regarding plaintiff's March 2, 1959, application. If the hear-

ing examiner intended to reopen the October 31, 1960, decision, then he lacked authority for such action because there exists a four-year limitation on reopening decisions. 20 C.F.R. § 404.957 (1969).

■ There are further reasons why plaintiff's March 2, 1959, application does not entitle her to additional benefits. The 1965 amendment of Section 423(b), which allows an applicant who did not qualify on making application to receive disability benefits if he satisfied the eligibility requirements while the case is pending, applies only to applications filed after the date of enactment and to pending administrative and judicial proceedings. As noted above, the final decision on plaintiff's March 2, 1959, application was October 31, 1960, long before the 1965 amendment to Section 423(b) took effect.

■ A final possibility is that this Court should treat plaintiff's March 2, 1959, application to establish a period of disability as an application for disability benefits. However, the 1960 amendment authorizing disability benefits to persons under 50 years of age was expressly limited to applications filed after the adoption of the amendment. 1960 U.S. Code Cong. & Adm.News, p. 1351. Absent a substantial reason to the contrary, this statutory limitation evidences a Congressional purpose which is better supported by refusing to construe plaintiff's application of March 2, 1959, as one for disability benefits. The only case on point disclosed by research supports this position. Ray v. Gardner, 1967, 4 Cir., 387 F.2d 162, 164.

■ Plaintiff's second application— one for disability benefits filed December 17, 1962—may be dispensed with summarily. A retroactive award of benefits is limited to 12 months. 42 U.S.C. § 423(b); see Ray v. Gardner,

1961 was intended. At any rate, the difference is irrelevant both to the legal issues and to the outcome in this litigation. Additionally, it is easy to empathize with counsel's plight in attempt-

ing to render intelligible the enormously confusing statutory language in the Social Security Act and the numerous applications and statutory amendments involved in this case.

1967, 4 Cir., 387 F.2d 162. In this case the benefits may extend as far back, but no further, than December 1961. Plaintiff has received from the Social Security Administration disability benefits for this period.

The third and final application— one filed October 26, 1964, for disability benefits—is subject to the same infirmity as her second application. The 12-month retroactive limitation precludes awarding benefits under this application prior to October 1963. 42 U.S.C. § 423(b). In addition, the 1964 amendment, repealing the 18-month retroactive limitation on establishing a period of disability, precludes granting an increase in monthly benefits for any month prior to November 1963. 42 U.S.C. § 416 Historical Note (effective date of 1961 amendment). So it is apparent that plaintiff is not eligible for additional increases in disability benefits by reason of her October 26, 1964, application.

The defendant's Motion for Summary Judgment is therefore granted.