**Persis S. WIDERMANN, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**No. 70-C-744.**

United States District Court, E. D. New York.

May 21, 1971.

Meltzer & Fishman, New York City, for plaintiff.

Edward R. Neaher, U. S. Atty., Brooklyn, N. Y., for defendant.

## MEMORANDUM–DECISION AND ORDER

TRAVIA, District Judge.

This action comes on before the Court on plaintiff's motion for summary judgment and defendant's cross motion for summary judgment under Rule 56, Fed. R.Civ.P.

In this case, plaintiff seeks judgment directing the defendant to pay Child's insurance benefits under 42 U.S.C. § 402(d) for a period in 1965 and Widow's insurance benefits under 42 U.S.C. § 402(e) for a period in 1964 and 1965.

The Social Security Administration (hereinafter the "Administration") did not award plaintiff the benefits claimed, apparently since they related to months prior to March 1966, the first month for which plaintiff's March 1967 application was effective. On reconsideration, the Administration adhered to its previous determination. At plaintiff's request, a hearing was held on March 20, 1970 at which plaintiff was present. After reviewing the evidence, the hearing examiner ruled that plaintiff was not entitled to benefits prior to March 1966. (A copy of the examiner's decision, rendered on March 31, 1970, is contained at pp. 6–9 of the Record). The Appeals Council declined to review the examiner's decision and that decision became the "final decision" of the Secretary. 42 U.S.C. § 405(g).

This Court has thoroughly reviewed the complaint in this action filed on June 11, 1970, the answer of the defendant filed in this Court on October 7, 1970, the entire transcript of the record of proceedings relating to the claims of the plaintiff held by the Administration, the motion papers and lengthy memoranda in support of plaintiff's application for summary judgment, and the defendant's cross motion and supporting memorandum for summary judgment.

After hearing oral argument, researching all cited cases and independently reviewing the relevant sections of the Social Security Act (hereinafter

"the Act"), the Court finds for the defendant on his motion for summary judgment on the ground that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Thus, plaintiff's motion for summary judgment is denied and her complaint is dismissed.

■ The issue is whether the Secretary's decision conforms to the applicable law and is supported by substantial evidence. (Government's Memo of Law, p. 9). The issue is not, as plaintiff contends, whether she is entitled to certain benefits prior to March 1966. (Plaintiff's Memo, p. 7).

■ It is undisputed that plaintiff did not file an application as defined in § 404.601(c) of the Regulations until March 1967, since she did not file an application on a form prescribed in Reg. § 404.602. Thus, under 42 U.S.C. § 402(j) (1) limiting the retroactive effect of an application to twelve months, plaintiff's claim for benefits prior to March 1966 appears to be without merit. Plaintiff, however, makes several arguments to overcome this seemingly obvious result.

Plaintiff maintains that numerous letters and statements from her and her husband to the Administration, which letters and statements were written or made prior to March 1967, constitute proper applications. (Plaintiff's Memo, pp. 8–18 details such correspondence). To overcome the effect of the Regulations (§§ 404.601(c) and 404.602) requiring a "formal" application, plaintiff relies on § 404.601(d) of the Regulations which makes exception to the "formal" application requirements of § 404.602. The exception, contained in § 404.613 provides that certain *written* state-

ments[1] may constitute the filing of an application, provided, inter alia, a "formal" application (Reg. § 404.602) is filed within 6 months. This 6 month period begins to run after the Administration notifies the applicant that a determination will be made if the applicant files a "formal" application within 6 months. Reg. § 404.613(c).

■ Since the Regulations clearly provide that only *written* statements will be considered as "informal" applications, plaintiff's reliance on oral statements is misplaced. As to plaintiff's written "informal" statements, her claim also fails. Even assuming them to be applications for purposes of § 404.613, no "formal" statement was filed until March 1967, more than 6 months after the "informal" applications.

■ Although the Administration did not notify the plaintiff as prescribed in § 404.613(c), so as to commence the running of the 6 month period within which "formal" applications must be filed, such failure is excusable here in light of plaintiff's signed statement of April 20, 1965 and the other circumstances set forth in this decision.[1a]

In the statement of April 20, 1965, the plaintiff wrote:

"I do not wish to file any claim at this time * * *. I will defer doing this until such time as the court matter is finally settled."[2]

Moreover, it is difficult to consider plaintiff's written statements as "informal" applications in view of the April 20, 1965 statement expressly declaring her intention *not* to file until her earlier case was resolved.

■ The plaintiff also relies on a February 21, 1967 inter-office memoran-

---

1. Bender v. Celebrezze, 332 F.2d 113 (7th Cir. 1964); Hummer v. Celebrezze, CCH UIR Vol. 1, ¶ 14,110 (E.D.Pa. 1965); and Smaltz v. Ribicoff, CCH UIR Vol. 1, ¶ 14,623 (W.D.Mo.1962) ruled that the Act and the Regs. contemplate that the application be in writing.

1a. Exhibit 22 indicates that the plaintiff was made aware of the need to file for

benefits in June, 1965 and expressly declined to do so. The April 20, 1965 statement supports this conclusion.

2. The "court matter" refers to an earlier dispute between plaintiff and the Administration as to whether tips that her husband had received were earnings under the Act.

dum of the Administration which plaintiff interprets as an acceptance of her April 20, 1965 statement as an application for benefits. The relevant portion of that memo provides:

"Obtain completed Forms OA–C8 (and OA–C10 and proof of age if she wishes to file for 'D' benefits) from the widow) through the attorney * * *. Also discuss the possibility of the children's entitlement to benefits beginning January 1965 if they were full-time students."

While the defendant does not mention this claim in his papers, it seems clear that the statements in the memo are merely suggestive of certain action and are not binding on defendant. Even if they were binding, they would not resolve the question and require the payment of benefits.

■ Additionally, plaintiff raises several arguments which may be treated together. She states that there was "good cause" for the delay in her filing and that there were "unusual or unavoidable" circumstances present, which factors compel judgment in her favor in view of the fact that the Act is a remedial statute to be liberally construed. The "good cause," allegedly, results from the Administration's failure to tell plaintiff of the consequences of delay in filing.[3] However, the hearing examiner's decision states:

"The claimant, a school teacher, was given full explanation by the Administration's representatives on several occasions as to why she should file an application to protect her rights to widow's benefits and for benefits to her children. However, she was persistent in her refusal to file" (P. 8 of the Record).

The examiner's decision was reached despite plaintiff's testimony that "I was never told until 1969, that ordinarily benefits are paid only one year retroactively." (p. 29 of the Record). [The plaintiff still maintains this position. (p. 28 of plaintiff's Memo)]. However, it is this Court's opinion that the examiner's decision was supported by substantial evidence.

■ To further establish "good cause," the plaintiff claims that almost "no one knows that benefits are usually retroactive for one year only." (p. 33 of plaintiff's Memo). Despite a lack of knowledge, two courts have adhered to the limited period of retroactivity. Donnelly v. Gardner, 286 F.Supp. 288 (W.D. Wis.1968) did so even though plaintiff was illiterate. Borysuk v. Ewing, 96 F. Supp. 779 (D.N.J.1951) did so despite plaintiff's mental illness.

■ The "unusual or unavoidable" circumstances allegedly result from the extreme length of time (6 years) it took the Administration to reach a decision in plaintiff's other case, referred to above. Plaintiff argues that it is ironic that the Payment Center should want to penalize her for "applying late formally for benefits" since it was the Payment Center which caused most of the delay by taking 6 years to resolve her other case.

Like several of plaintiff's arguments, this one is based upon the premise that plaintiff need not apply for benefits until her other case was resolved. Unfortunately for plaintiff, there is no support for such a position in the Act or Regulations.

■ Finally, plaintiff argues that since the Social Security Act is a remedial statute to be liberally construed, for-

3. In one case cited by the defendant, Flamm v. Ribicoff, 203 F.Supp. 507 (S.D.N.Y.1961), the plaintiff argued that she should get benefits retroactive to the time an inquiry was first made on her behalf, even though that was more than 12 months prior to the date of her written application. She claimed to have received erroneous information from an Administration clerk. The Court rejected her claim saying: "But even assuming that she did receive 'misinformation' on which [the plaintiff] acted to her detriment, it is plain that estoppel will not lie against the Government under these circumstances. Parties dealing with the Government are charged with knowledge of and are bound by statutes and lawfully promulgated regulations * * *."

feitures should be avoided wherever possible. While it is difficult to dispute these generalizations, the fact remains that the Act and the Regulations set out a relatively clear procedure to be followed.[4] Although such procedures may sometimes produce harsh results, that does not, of itself, make them invalid.

Accordingly, it is

Ordered, that the motion of the plaintiff for summary judgment pursuant to Rule 56(a), Fed.R.Civ.P. is denied; and it is further

Ordered, that the cross motion of the defendant for summary judgment pursuant to Rule 56(b), Fed.R.Civ.P. is granted; and it is further

Ordered, that the complaint of the plaintiff is dismissed.

---

4. As the Tenth Circuit said in Ewing v. Risher, 176 F.2d 641 (1949): "While a liberal interpretation should be indulged, such a policy does not warrant adopting a construction inconsistent with a clear wording of the act in order to prevent loss to a claimant resulting from failure to file an application as required by the act."