**Mabel L. O'DANIEL, Plaintiff-Appellant**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 71-1715.**

United States Court of Appeals, Sixth Circuit.

April 4, 1972.

---

Louis V. Mangrum, Mayfield, Ky., for appellant.

James H. Barr, Asst. U. S. Atty., Louisville, Ky., George J. Long, U. S. Atty., Louisville, Ky., on brief, for appellee.

Before PECK and McCREE, Circuit Judges, and KINNEARY,* District Judge.

McCREE, Circuit Judge.

The sole issue presented in this appeal is whether appellant, who was not qualified to receive disability benefits prior to the 1967 amendments to the Social Security Act, is entitled to receive benefits for months prior to the effective date of those amendments, under which she concededly became qualified prospectively. We hold that she is not so entitled, and, accordingly, we affirm the judgment of the District Court.

On November 24, 1964, appellant filed an application for disability benefits under sections 216 and 223 of the Social Security Act, 42 U.S.C. §§ 416, 423 (1964). She alleged that she had become unable to work in September 1963 because of "nerves." At the time of her application, she was 28 years old, had been employed from the last quarter of 1959 through the first three quarters of 1963, and thereby had earned social security credits for 16 calendar quarters in the period preceding the onset of her claimed disability. Since section 223 required, in 1964, that a claimant have at least 20 quarters of coverage during the 40-quarter period ending with the quarter in which the disability occurred,[1] appellant's claim was denied because she had not met the disability insured-status requirements at any time. No appeal was taken from this denial.

Subsequently, Congress amended the Social Security Act to provide an alternate method of determining disability

---

* The Honorable Joseph P. Kinneary, United States District Judge for the Southern District of Ohio, sitting by designation.

1. 42 U.S.C. § 423(c) (1) (1964) provided:
   (c) For purposes of this section—
   (1) An individual shall be insured for disability insurance benefits in any month if—
   (A) he would have been a fully insured individual (as defined in section 414 of this title) had he attained age 62 (if a woman) or age 65 (if a man) and filed application for benefits under section 402(a) of this title on the first day of such month, and
   (B) he had not less than twenty quarters of coverage during the forty-quarter period ending with the quarter in which such first day occurred, not counting as part of such forty-quarter period any quarter any part of which was included in a period of disability (as defined in section 416(i) of this title) unless such quarter was a quarter of coverage.

insured status for persons who became disabled between the ages of 24 and 31. Act of Jan. 2, 1968, Pub.L.No.90–248, § 105(b), 81 Stat. 833. Following this amendment, the relevant part of section 223 read as follows:

(c) For purposes of this section—

(1) An individual shall be insured for disability insurance benefits in any month if—

(A) he would have been a fully insured individual (as defined in section 414 of this title) had he attained age 62 (if a woman) or age 65 (if a man) and filed application for benefits under section 402(a) of this title on the first day of such month, and

(B) (i) if he had not less than twenty quarters of coverage during the forty-quarter period which ends with the quarter in which such month occurred, or

(ii) if such month ends before the quarter in which he attains (or would attain) age 31, not less than one-half (and not less than 6) of the quarters during the period ending with the quarter in which such month occurred and beginning after he attained the age of 21 were quarters of coverage, or (if the number of quarters in such period is less than 12) not less than 6 of the quarters in the 12-quarter period ending with such quarter were quarters of coverage.

42 U.S.C. § 423(c) (1) (1970). On September 17, 1968, appellant filed another application for disability benefits. This application claimed disability from September 1963 due to a "nervous condition." Since her alleged disability occurred when she was 26, and since she had social security credits for 16 of the 23 calendar quarters between January 1958 (the quarter following the quarter in which she became 21 years of age) and September 1963, she qualified for the alternate insured status provided by the amendment quoted above. Although her claim was initially disallowed, a hearing examiner for the Social Security Administration found that appellant was entitled to a "period of disability," as defined in sections 216(i) (2) (A)–(C) of the Act, 42 U.S.C. §§ 416(i) (2) (A)–(C) (1970), beginning September 18, 1963. The Certificate of Social Insurance Award, however, which was issued to appellant on November 20, 1969, specified that appellant was entitled to receive benefits retroactive only to February 1968. Appellant sought a rehearing on the ground that she was entitled to benefits retroactive to the date of her disability less a six-month "waiting period" prescribed by the Act, 42 U.S.C. § 423(c) (2). On May 5, 1970, the Appeals Council upheld the determination of the hearing examiner that appellant was entitled to benefits commencing February 1968, the effective date of the 1967 amendment to section 223.

Appellant then filed suit in United States District Court pursuant to 42 U.S.C. § 405(g) to contest the validity of the retroactivity ruling. The court held that appellant could not receive benefits for the period prior to the effective date of the amendment to section 223 and granted summary judgment for the Secretary. This appeal followed.

■ At the outset, we observe that, contrary to appellant's contentions, the retroactivity question presented in this case cannot be resolved by reference to section 216(i) (2) (F) (i) of the Act, 42 U.S.C. § 416(i) (2) (F) (i). This section provides that for disabilities ending after January 1968, an application filed not more than 36 months after the date the disability ended shall be accepted as a valid application for benefits if the failure to file within the 12 months prescribed by 42 U.S.C. § 416(i) (2) (E) "was attributable to a physical or mental condition of such individual which rendered him incapable of executing such an application." It was enacted as part of the 1967 amendments, Act of Jan. 2, 1968, Pub.L.No.90–248, § 111(a), 81 Stat. 837, and was intended

to extend the time for certain claimants to file applications that would establish "periods of disability," 42 U.S.C. § 416(i) (2) (A), commencing at the onset of their disabilities, which would, in turn, afford maximum protection under the "disability freeze" provisions of the Act. *See* 42 U.S.C. §§ 415(b), 423(a); Sen.Rep.No.744, 90th Cong., 1st Sess., 1967 U.S.Code Cong. & Ad.News 2834, 2885. However, 42 U.S.C. § 416(i) (2) (F) by its terms applies only to applications that concern closed periods of disability, *i. e.,* disabilities that have ended before the application has been filed. As the Senate Report observes, "An application filed in such a case within the extended period [provided by the 1967 amendment] would permit establishment of a disability freeze for a past period of disability ending after the month of enactment, although the retroactive payment of benefits would not be extended beyond the 12 months provided in present law." Sen.Rep.No.744, 90th Cong., 1st Sess., 1967 U.S.Code Cong. & Ad.News 2834, 2885–86. Thus, the limited retroactivity provided in section 216 (i) (2) (F) clearly neither applies to the ongoing-disability situation with which we are here concerned nor alters, in any event, the restriction against the payment of disability benefits for any period prior to the 12 months preceding the filing of the application. 42 U.S.C. § 423(b); 20 C.F.R. § 404.607(b) (1971).

We believe that the question of the retroactivity of section 223 was clearly resolved by the Congress in the 1967 amendments. Section 105(c) of those amendments, Act of Jan. 2, 1968, Pub. L.No.90–248, § 105(c), 81 Stat. 833, provides:

> The amendments made by [section 105(b)] shall apply with respect to monthly benefits under title II of [the Social Security] Act for months after January 1968, but only on the basis of applications for such benefits filed in or after the month in which this Act is enacted.

This language, in our opinion, does two things: it restricts the effect of the alternate insured-status requirements to those applications that are filed after January 1968 (thus precluding the possible contention by appellant that her 1968 application should be deemed a reopening of her 1964 application), *see* Ray v. Gardner, 387 F.2d 162, 164 (4th Cir. 1967), and Berard v. Finch, 307 F. Supp. 568, 570 (D.Mass.1969); and it limits the retroactive payment of benefits to February 1968 for those claimants who qualify for the receipt of benefits only by virtue of this liberalizing provision. *See* Berard v. Finch, *supra,* 307 F.Supp. at 571; Gaddis v. Cohen, 295 F.Supp. 1329, 1334 (M.D.Ga.1968); *cf.* Brown v. Celebrezze, 367 F.2d 455, 457 (4th Cir. 1966). The alternate insured-status amendment was enacted in order to provide a less restrictive employment test for workers disabled early in their working life, and it is retroactive only in the sense that it applies to claimants, such as appellant, who became disabled before the age of 31 and whose disability occurred prior to January 1968. *See* Sen.Rep.No.744, 90th Cong., 1st Sess., 1967 U.S.Code Cong. & Ad. News 2834, 2879. With respect to such claimants, however, section 105(c) expressly limits payment of benefits to months after January 1968. In Gaddis v. Cohen, *supra,* in an analogous context, the court held that, since the 1965 amendment to the Social Security Act providing a benefit increase was expressly made applicable "with respect to monthly benefits . . . for months after December, 1964," a claimant who had been receiving benefits prior to January 1965 was entitled to a retroactive increase only of the benefits she had received after December 1964. We believe a similar result is mandated in this case.

Moreover, were we to adopt appellant's contention that she should receive benefits retroactive to the onset of her disability, we would not only be ignoring the express language of the 1967 amend-

ments, but we would also be reading sections 223(b) and (c) (2), 42 U.S.C. § 423(b), (c) (2) (1970), out of the Act. Under section 223(b), an award of disability payments can be made retroactive up to 12 months prior to the filing of the application. Ray v. Gardner, *supra*, 387 F.2d at 164 n.4; Berard v. Finch, *supra*, 307 F.Supp. at 570–571; *cf*. Widermann v. Richardson, 329 F. Supp. 636, 640 (E.D.N.Y.1971). And, section 223(c) (2) provides that the "waiting period" prescribed in 42 U.S.C. § 423(a) (1) as the period after which disability benefits can be paid to one whose disability has not ended shall be a period of six months beginning with the 18th month before the filing of the application. *See* 20 C.F.R. § 404.308(a) (1971). We find nothing in the 1967 amendments that could be construed to abolish these provisions for claimants who qualify for benefits solely under the liberalizing alternate insured-status amendment to section 223(c) (1). Thus, since, as we have previously observed, the express language of section 105(c) of the 1967 amendments precludes construing appellant's 1968 application as having reopened her 1964 application, appellant would be entitled, at best, to the receipt of benefits retroactive to September 1967, not April 1964. However, we do not interpret section 105(c) to authorize even this result.

We recognize, of course, that the Social Security Act "is a remedial statute, to be broadly construed and liberally applied [and] . . . that obvious exceptions must be read into the statute when to do so is necessary to effectuate its purpose." Haberman v. Finch, 418 F.2d 664, 667 (2d Cir. 1969). But in this case, "the explicit language of the statute binds too tightly to allow us any room for flexing equitable muscles." Hayes v. Celebrezze, 349 F.2d 561, 564 (5th Cir. 1965).

The judgment of the District Court is affirmed.