Deborah A. PERRY, f/k/a Deborah A. Merriman, and the Children of Deborah A. Merriman Perry and Jack A. Merriman, Dana C. Merriman and Casey L. Merriman, Plaintiffs,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

Civ. A. No. 1:83–CV–2471–JOF.

United States District Court, N.D. Georgia.

Oct. 23, 1988.

Charles H. Thompson, Jr., Carl H. Hodges, Hodges & Hodges, Morrow, Ga., for plaintiffs.

Sharon Douglas Stokes, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiffs' motion for attorney's fees. For the reasons discussed below, the motion must be denied.

This Social Security case began in 1983 when the plaintiff requested this court to reverse the decision of the Secretary denying benefits. The plaintiff was seeking death benefits and survivor's benefits because of the alleged death of her husband. The plaintiff's husband disappeared in 1980. This court adopted the magistrate's recommendation and affirmed the decision of the Secretary in March, 1985. The court found that there was substantial evidence supporting the Administrative Law Judge's conclusion that the plaintiff had not proven the death of her husband. Plaintiff argued in this court that the regulatory scheme created an unconstitutional irrebuttable presumption. This argument was rejected. Judgment was entered affirming the Secretary's decision of denial of benefits March 27, 1985.

Plaintiff's attorney has now moved this court for attorney's fees. Apparently, subsequent to this court's decision in March, 1985, the case was reopened in some manner before the agency and benefits were obtained for plaintiff. Plaintiff has presented no evidence to this court as to the basis of the award of benefits. It can be assumed, however, that the statutory seven years had passed and the plaintiff's husband was now presumed to be deceased. Plaintiffs' attorney has included with his motion for attorney's fees a copy of his petition for fees before the Social Security Administration, a copy of the employment contract which includes a contingent fee arrangement, and an itemized listing of the time spent before the administrative agency and this court in the attempt to get benefits for the plaintiffs.

■ Plaintiffs' attorney has cited no statute under which he proceeds for attorney's fees, but it is presumed that he is relying on 42 U.S.C. § 406(b)(1). That section provides,

> Whenever a court renders a judgment favorable to a claimant under this subchapter who is represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total past due benefits to which the claimant is entitled by reason of such judgment ...

Under this section the court has the responsibility of determining a reasonable attorney's fee for services rendered under the relevant criteria. *See, Strickland v. Bowen,* 669 F.Supp. 1086 (M.D.Ga.1987).[1] However, the first requirement under § 406(b)(1) must be that this court has rendered a favorable judgment which results in benefits being awarded to plaintiff. In this case, the benefit award to plaintiffs did not arise out of counsel's activities before this court, which affirmed the denial of benefits. The March, 1985 order affirming the Secretary's decision did not advance plaintiffs' claim for benefits. This court did not remand this action to the Secretary for further proceedings, which would authorize an award of fees for the time counsel spent before this court. *Rohrich v. Bowen,* 796 F.2d 1030 (8th Cir.1986). Rather, it is apparent that plaintiffs' successful attempt to get benefits was due to the passage of time and the subsequent activities of counsel before the Social Security Administration.

This court has no jurisdiction to award fees for an unsuccessful attempt to collect benefits. *Ray v. Gardner,* 387 F.2d 162 (4th Cir.1967). Therefore, plaintiffs' attorney's motion for attorney's fees must be DENIED.

SO ORDERED.

---

1. The motion does not include supporting evidence demonstrating that the requested fee is reasonable under these criteria. Had the court not concluded the motion should be denied, the motion would have had to have been supplemented to provide evidence of reasonableness.

A contingent fee agreement is not binding on this court and does not relieve the court of its duty to determine and award reasonable attorney's fees. *See, Rohrich v. Bowen,* 796 F.2d 1030, 1031 (8th Cir.1986).