**Rodell HOUSTON, Sr., Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 89–3756.

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1990.

J. Courtney Wilson, Gertler, Gertler & Vincent, New Orleans, La., for plaintiff-appellant.

Debra A. Smith, Baltimore, Md., John Volz, U.S. Atty., Gregory C. Weiss, Asst. U.S. Atty., New Orleans, La., for defendant-appellee.

Before RUBIN, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

I.

In 1983 Rodell Houston, Sr., retained a New Orleans law firm to represent him in his claim for past-due social security benefits. Houston contracted for a contingency fee contract entitling counsel to 25 percent of any past-due benefits he received as a result of successful litigation of his claim. Houston's initial application for benefits was denied at all levels within the Social Security Administration, and by the district court. In 1988, after Houston filed a second application, the administrative law judge reopened Houston's initial application, revising the prior unfavorable ruling and ultimately awarding Houston with over $42,000 in past-due benefits.

Counsel documented a total of forty-nine hours in preparing and conducting Houston's representation. Of those hours, nineteen and one-half were spent in the district court, and twenty-nine and one-half were spent before the agency. In compensation for the hours counsel spent representing Houston before the agency, the Secretary of Health and Human Services approved $3,000 in attorneys' fees. Counsel then filed a motion in the district court to recover fees based on the contingency fee contract for services rendered in the district court on the prior unsuccessful claim. The district court awarded a $2,340 fee, which, when added to the fee approved by the Secretary, yielded counsel a total fee equalling 13 percent of Houston's past-due benefits recovery.

Counsel then appealed the district court's fee award. Counsel contends that it was entitled to the full 25 percent contingency

fee specified by its contract with Houston, or at least that the district court should have used that amount as a benchmark for its fee determination. The Secretary, on the other hand, argues that the district court had no jurisdiction to award fees on the basis of counsel's representation of Houston in a prior unsuccessful claim.

We find that the district court exceeded its statutory jurisdiction in making this fee award. We, therefore, vacate the district court's order.

## II.

Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), authorizes courts to approve attorneys' fees only when a claimant represented before the court has obtained a "favorable judgment."[1] Houston's claim was not favorably resolved in the district court; to the contrary, the district court affirmed the Secretary's decision to dismiss the claim. The administrative law judge's action in later reopening Houston's initial application and awarding benefits thereon can not fairly be construed as a favorable judgment in the district court.[2] Because counsel's representation of Houston in the district court did not result in a favorable judgment as contemplated by the Act, we find that the district court exceeded its statutory jurisdiction in authorizing counsel's fee. *See Ray v. Gardner*, 387 F.2d 162, 165 (4th Cir.1967); *Perry v. Bowen*, 711 F.Supp. 618, 619–20 (N.D.Ga.1988).

We VACATE the order of the district court.

---

1. 42 U.S.C. section 406(b)(1) provides in relevant part:
   Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as a part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment.

2. As noted in our decision today in *Brown v. Sullivan*, 917 F.2d 189 (5th Cir.1990), we express no opinion as to whether the "favorable judgment" requirement of 42 U.S.C. § 406(b)(1) would be satisfied in the event that upon remand from the district court the agency favorably resolved the claimant's application. With the district court's dismissal of Houston's claim, that situation obviously is not presented here.