**Robert G. TANT, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. C81–532A.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 2, 1983.

Claude Y. Paquin, Marietta, Ga., for plaintiff.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

VINING, District Judge.

This Social Security matter is before the court upon the plaintiff's petition for attorney's fees under the Social Security Act, 42 U.S.C. § 406, or the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The important distinction under these two code sections allowing attorney's fees is that under the Social Security Act the attorney's fees would come out of money recovered by the client whereas under the EAJA the attorney's fees would be paid by the government.

The government contends that the EAJA does not allow for attorney's fees in Social Security matters since the statute provides in pertinent part as follows:

*Except as otherwise specifically provided by statute*, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. (Emphasis added).

The Social Security Act provides in pertinent part as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who is represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, *no other fee may be payable or certified for payment for such representation except as provided in this paragraph.* (Emphasis added.)

The Social Security Act does not permit an award of attorney's fees against the United States, but the attorney's fee comes out of funds that would otherwise have gone to the claimant. "The purpose of this provision was only to limit contingency fees, which had become inordinately large, to 25% of the award, and also to insure that lawyers were paid their fees by providing for certification of the fees by the Secretary...." *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1322 (S.D.N.Y.1982). The legislative history of the EAJA makes it clear that that provision was intended to apply only to cases where fees against the government were not already authorized, and the Social Security Act does not authorize fee awards against the government.

In fact, the legislative history of the EAJA discloses that Congress specifically intended the EAJA to apply to Social Security matters. The House Report noted that the bill as reported by the House Committee on the Judiciary was essentially the same as the bill passed by the Senate but with several changes, including a change "[t]o exclude administrative proceedings under the Social Security Act. There was much discussion whether the United States should be liable when it is a named party

and represented in a civil action under the Social Security Act. The Committee decided that civil actions should be covered." H.R.Rep. No. 96–1418, 96th Cong. 2d Sess. 12, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4991.

Although a very small number of courts have ruled that attorney's fees in Social Security cases may not be awarded under the EAJA, a great majority of the cases allow such awards, and this court believes that they are the better reasoned cases. *See Jones v. Schweiker,* 565 F.Supp. 52 (W.D.Mich.1983); *Gross v. Schweiker,* 563 F.Supp. 260 (N.D.Ind.1983); *MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.Y. 1982); *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982); *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982).

■ The determination that the EAJA is applicable to Social Security cases does not, however, end this court's inquiry, for the court must also determine whether the position of the Secretary was substantially justified. That this court has found that the Secretary's decision was not supported by substantial evidence does not automatically require a concurrent finding by this court that the Secretary's position was not substantially justified. "To hold otherwise would mean that EAJA fees were allowable in every case where the court found an absence of substantial evidence, a result clearly not intended by Congress." *Wolverton v. Schweiker,* 533 F.Supp. at 425. A review of the entire record in this case leads this court to the conclusion that the position of the government was substantially justified.

In its original order remanding this case, the court found that testimony of a vocational expert was necessary to specify which jobs the claimant was able to perform within the relevant work category. The court noted an exception to that requirement but found that the exception did not apply in this case. Although disagreeing with the Secretary's position, this court cannot say that the position of the Secretary was frivolous or not substantially justified.

In its order following the claimant's appeal after remand, this court rejected the vocational expert's testimony with respect to the number of jobs available and also her determination that the dispatcher job was not a sedentary job. Although this court rejected the basis for the vocational expert's testimony with respect to the number of jobs available, the court cannot say that the Secretary's reliance upon that testimony was frivolous and not substantially justified, since the court merely rejected the basis for the vocational expert's testimony. Additionally, the vocational expert in testifying that the dispatcher job was not a sedentary job was relying upon the Dictionary of Occupational Titles published by the Department of Labor. The court refused to accept that dictionary's definition, but the court cannot say that the Secretary's reliance upon the vocational expert's use of that dictionary was frivolous and not substantially justified.

For the foregoing reasons, the court concludes that attorney's fees may not be awarded under the Equal Access to Justice Act.

■ However, the claimant's attorney is entitled to an award of fees under the Social Security Act, 42 U.S.C. § 406. A Social Security award certificate dated September 20, 1983, has been issued to the plaintiff which discloses that the plaintiff's past-due benefits are $30,123.60; of that amount, $7,530.90, representing 25% of the past-due benefits, has been withheld pending authorization by the court of payment of attorney's fees.

The court can award fees only for work performed in this court and not in the administrative proceedings before the Social Security Administration. The court finds the claimant's contention that the proceedings before the Social Security Administration on remand were part of this court's proceedings to be without merit and thus awards no fees for that work. Counsel for the plaintiff has presented an itemized statement showing a total of 58.3 hours expended on the original appeal and

23.6 hours on the appeal following remand. The court finds these hours to be reasonable. The customary fee for Social Security cases in this district is $50 per hour. The court has considered the other factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), and finds that they present no reason to vary the award in this case from the customary fee.

For the foregoing reasons, the court awards attorney's fees in the amount of $4,095, representing 81.9 hours at $50 per hour. These fees will come out of the benefits awarded to the plaintiff and currently being withheld by the Social Security Administration. This award is without prejudice to the right of counsel to apply to the Secretary for an award of attorney's fees for work performed in the administrative proceedings.

SO ORDERED, this 2nd day of December 1983.