Joseph SNEE, Plaintiff,

v.

## SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 85–4587.

United States District Court, D. New Jersey.

May 8, 1987.

James Langton, Rahway, N.J., for plaintiff.

Samuel A. Alito, U.S. Atty., Laurie J. Gentile, Spec. Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

CLARKSON S. FISHER, Chief Judge.

This action is brought under Section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services which denied plaintiff's application for a period of disability and disability insurance benefits. For the following reasons, the decision of the Secretary is reversed.

An administrative decision to deny benefits will be upheld if supported by "substantial evidence." *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir.1979). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. National Labor Relations Bd.,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).

The term disability has essentially the same definition under both Title II and Title XVI of the Act, "an inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The Act defines impairment as the result of an anatomical, physiological or psychological abnormality which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(C). An individual shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B). While this section casts upon the claimant the initial burden of persuasion that he is unable to continue with his previous employment, it is the Secretary's burden to show that there exists work which this particular claimant can realistically be expected to do. *Livingston v. Califano,* 614 F.2d 342, 345 (3d Cir.1980).

Despite the deference to be granted the decision of the administrative law

judge (ALJ), it is the responsibility of the reviewing court to scrutinize the entire record and reverse or remand if the decision is not supported by substantial evidence nor based on current legal standards. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir.1981); *Livingston*, 614 F.2d at 345. There are four elements to be weighed in determining whether there is substantial evidence to support the Secretary's decision: (1) objective medical facts; (2) diagnoses and expert opinions of examining physicians; (3) subjective evidence of pain; and (4) the claimant's educational background, work history and age. *Blalock v. Richardson*, 483 F.2d 773, 778 (4th Cir. 1972).

Plaintiff filed an application for a period of disability and disability insurance benefits on April 11, 1984. The application was denied initially [Tr. 68–72] and on reconsideration [Tr. 73–82]. Plaintiff appealed to an ALJ, and the case was considered *de novo* on December 7, 1984 [Tr. 22–63]. The ALJ found that plaintiff was not under a disability [Tr. 9–16], and this decision became final when it was approved by the Appeals Council on July 19, 1985 [Tr. 20–8].

Plaintiff's claims for disability benefits are based upon the following severe medical impairments: lumbrosacral herniation disc syndrome, cervical sprain and carpal tunnel syndrome. Complaint at 1, Para. 5.

Pursuant to Section 205 of the Act, 42 U.S.C. § 405(a), and as incorporated by reference in 42 U.S.C. § 1383(d)(1), the Secretary has promulgated regulations to effectuate the provisions of the Act. *See* 20 C.F.R. § 404.1520. These regulations establish a sequential process to be applied when evaluating an individual's claim for disability benefits. If the Secretary finds that an individual is or is not disabled at any point in the review, the evaluation process will cease. 20 C.F.R. § 404.1520(a).

First, the Secretary must determine whether the claimant is working, and whether that work constitutes substantial gainful activity. If the claimant is engaging in substantial gainful activity, then a determination will be made that the individual is not disabled, notwithstanding medical condition, age, education and work experience. In the present case the ALJ found that plaintiff met the disability insured status requirements of the Act on September 30, 1982 (the date the claimant stated he became unable to work), and he continued to qualify for this status as of the date of the ALJ's decision. Further, the claimant has not engaged in substantial gainful activity since September 30, 1982.

Upon a finding that a claimant is not engaged in a substantial gainful activity, the ALJ then determines, solely on the basis of medical evidence, whether the impairment(s) meets or equals a listed impairment in Appendix 1 of the Regulations. If the impairment is listed in Appendix 1 or is the equivalent of a listed impairment, the claimant is found disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(d).

If, however, a determination cannot be made on the basis of medical facts alone, then the ALJ assesses claimant's residual functional capacity and reviews the physical and mental demands of the individual's past work. If the ALJ determines that the claimant possesses the residual functional capacity to perform his or her past work, then no disability is found. 20 C.F.R. § 404.1520(e). According to the ALJ, plaintiff has the residual functional capacity to perform work-related activities except for work involving heavy lifting and carrying, frequent bending, crawling or climbing; constant uninterrupted walking or standing; repetitive pushing or pulling; or performing fine manipulations. Rule 48 Document—Stipulation of Facts at 2, Para. 5; *see* 20 C.F.R. § 404.1545. Further, the ALJ found that plaintiff's past relevant work as a sales representative did not require the performance of work-related activities precluded by the limitations mentioned above. Rule 48 Document—Stipulation of Facts at 3, Para. 6; *see* 20 C.F.R. § 404.1565.

Plaintiff contends that the Secretary's determination of disability is not supported by substantial evidence in the record. Specifically, plaintiff contends that the ALJ substituted his own medical judgment in

place of the judgment of physicians. Further, plaintiff alleges that the ALJ selectively discounted medical findings and complaints of pain. Moreover, plaintiff contends that the ALJ's determination that he is capable of performing past relevant work is incorrect. Plaintiff alleges that his residual functional capacity was assessed incorrectly and that the ALJ's decision was not made according to the aforementioned sequential evaluation process. This court agrees. Plaintiff's contentions will be addressed in order below.

■ First, plaintiff contends that the ALJ substituted his own medical judgment for that of the physicians who examined plaintiff. The ALJ's responsibility is to analyze all the evidence and to provide adequate explanations when disregarding portions of it. *Cotter v. Harris,* 642 F.2d 700 (3d Cir.1981); *Dobrowolsky,* 606 F.2d at 409; *Gober v. Matthews,* 574 F.2d 772 (3d Cir.1978). Further, a clear and satisfactory explanation of the evidence upon which the decision is based should accompany the decision. *Cotter v. Harris,* 642 F.2d at 704–05. The ALJ should also indicate any "significant probative" evidence that was rejected, along with the reasons for the rejection. *Id.* at 705.

■ Most important, the ALJ may not substitute his own conclusion, opinion or judgment for that of the physicians who present competent medical evidence of disability. *Van Horn v. Schweiker,* 717 F.2d 871 (3d Cir.1983); *Green v. Schweiker,* 749 F.2d 1066 (3d Cir.1984); *Coria v. Heckler,* 750 F.2d 245 (3d Cir.1984). Here, the ALJ concluded that plaintiff retained the capacity to perform light work activity, excluding fine manipulation [Tr. 15]. This court's review of the objective medical evidence fails to substantiate this conclusion.

■ Plaintiff was under Dr. Colicchio's care for a significant period of time. Upon initial examination he walked with an antalgic gait. Lumbar motion was restricted 40 degrees, straight leg raising was positive at 50 degrees. As of June 1984, lumbar motion continued to be restricted [Tr. 12]. Dr. Ahmad, who examined the plaintiffs for the Secretary, found that lumbar

flexion was restricted 20 degrees with a 10–degree limitation in extension. The Laseque produced pain [Tr. 12]. According to Dr. Salvati, cervical pain and straight leg raising was positive at 60 degrees [Tr. 12–13]. Dr. Galli said that plaintiff needed back surgery [Tr. 13]. Dr. Friedman discovered diminished cervical motion with spasm and tenderness. In addition, he found that the right ankle jerk was diminished [Tr. 13]. The objective medical evidence with regard to plaintiff's condition is in essential agreement. An underlying orthopedic impairment has been established. Moreover, the condition is of the nature contemplated by the Secretary at 20 C.F.R. § 404.1529, being the underlying objective source of subjective complaints of pain. Nonetheless, the ALJ found that plaintiff was capable of resuming his normal course of work.

The second factor this court must consider is the diagnoses and expert opinions of examining physicians. Dr. Salvati, a treating physician, reported shoulder and upper arm limitations, pain in the right arm, and carpal tunnel syndrome [Tr. 12–13]. Dr. Galli noted that plaintiff was restricted in his ability to perform fine manipulation and repetitive pulling and pushing of arm controls. The ALJ appears to have relied upon Dr. Galli's report with regard to residual functional capacity in reference to plaintiff's back condition, but he rejected the same doctor's conclusions in regard to plaintiff's arm impairment. In addition, Dr. Galli determined that plaintiff was capable of sitting, standing and walking for two hours each in a work day. Without explanation, however, the ALJ concluded that plaintiff could exceed this threshold, walking three hours and standing for four hours. It is a well-established principle of administrative law that the ALJ must analyze all the evidence of record and provide adequate explanations for the portions which are disregarded. *Cotter* at 705; *Dobrowolsky,* 606 F.2d at 409; *Gober,* 574 F.2d at 776. The ALJ not only failed to explain the reasons which led him to reject Dr. Galli's views, but he also did not explain how plaintiff could return to his past

work. Inasmuch as plaintiff's return to his past relevant work was precluded as a result of his medical condition, the burden shifted to the Secretary to demonstrate that plaintiff retained the capacity to perform other work existing in the national economy. *Green*, 749 F.2d at 1071; *Podedworney v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Rossi v. Califano*, 602 F.2d 55 (3d Cir.1979). Moreover, testimony by a vocational expert should have been introduced due to plaintiff's manipulative impairment. *Singleton v. Schweiker*, 551 F.Supp. 715, 723–24 (E.D.Pa.1982).

When the foregoing is viewed in conjunction with the third factor the Secretary must consider, namely, subjective complaints of pain, it leaves no doubt that the Secretary's decision is incorrect. In evaluating the evidence of record, the ALJ found plaintiff's allegations of pain to be unsupported by the current objective medical evidence [Tr. 15]. Despite the medical evidence presented, the ALJ found that plaintiff's subjective complaints of pain were exaggerated. For instance, the ALJ determined that plaintiff's pain could not have been as alleged in August 1983, since he had attempted to return to work as a lawn mower. According to the ALJ, "[i]f he were in the severe pain he alleged one would not expect him to attempt this kind of strenuous activity." [Tr. 14] The ALJ noted that plaintiff had to cease the activity after only four and a half days, yet he does not seem to attach any significance to this fact.

In addition, the ALJ held that a discrepancy existed between plaintiff's subjective complaints of pain and Dr. Galli's diagnosis of residual functional capacity. Two factors must be examined in this regard. First, the doctor determined residual functional capacity based upon his objective findings, and not upon the patient's subjective complaints of pain. Second, plaintiff's subjective complaints of pain are substantiated and supported by Dr. Galli's conclusion regarding his physical capacities. At no point did Dr. Galli discount plaintiff's complaints. It is a well-settled principle in the Third Circuit that pain in and of itself may support a claim for benefits. *Smith v.*

*Califano*, 637 F.2d 968, 973–74 (3d Cir. 1981). Further, this circuit requires that subjective complaints of pain be accorded serious consideration, even in instances where they are not fully confirmed by objective medical evidence. *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir.1985). The record demonstrates that the ALJ incorrectly discounted plaintiff's subjective complaints of pain.

Finally, a reviewing court must consider a claimant's educational background, work history and age. *Blalock*, 483 F.2d at 776. Plaintiff, now sixty years old, was born on April 29, 1927, and was fifty-seven at the time of his hearing [Tr. 25–26]. He completed an eighth-grade education [Tr. 27, 94] and has past relevant work experience as a maintenance man, salesman and store clerk [Tr. 440–46, 94].

From 1960 to 1975, plaintiff worked as a maintenance man for a supermarket and performed electrical work, plumbing, roofing, painting and floor waxing [Tr. 45, 94]. In his Vocational Report, he stated that 90% of his work involved plumbing and the use of power tools and a Roto Rooter [Tr. 99]. He also traveled from store to store, assigned work to two other maintenance men and completed daily work reports [Tr. 99]. Plaintiff estimated his maintenance work typically required walking four hours a day, standing six hours a day, sitting two hours a day, bending frequently and lifting and carrying up to ten pounds frequently and up to fifty pounds maximum [Tr. 99].

Thereafter, plaintiff was a local salesman for a trucking company for four years [Tr. 45]. He stated that he was not "too good" as a truck company salesman [Tr. 45]. Plaintiff estimated that his work as a trucking salesman typically required walking three hours a day, standing four hours a day, sitting four hours a day, bending occasionally and lifting and carrying up to ten pounds frequently [Tr. 100].

Plaintiff last worked as a clerk in a grocery store, sweeping, cleaning, using a meat grinder, slicing machine and cash register, and waiting on customers, until he was "fired" in 1982 [Tr. 28, 46, 101]. He

indicated that his duties as a clerk generally involved walking four hours a day, standing eight hours a day, sitting two hours a day, bending occasionally, and lifting and carrying up to twenty-five pounds frequently [Tr. 101]. He stated that he could no longer do the work because his "legs gave out" [Tr. 46] and because he could not walk [Tr. 36].

Since September 1982, plaintiff attempted to work as a grass cutter a total of four and a half days per week, but he was able to continue this activity for only four and a half days due to his injuries [Tr. 86–87]. When all of these factors are considered, it is clear that plaintiff is incapable of engaging in any kind of substantial gainful activity which exists in the national economy.

For the foregoing reasons, the final determination of the Secretary denying benefits to plaintiff is reversed, and the Secretary is directed to pay benefits beginning September 30, 1982. With regard to fees, counsel for plaintiff shall abide by the guidelines established in *Taylor v. Heckler*, 608 F.Supp. 1255 (D.N.J.1985).