**Robert G. STRICKLAND, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–66–ATH (WDO).**

United States District Court,
M.D. Georgia,
Athens Division.

Sept. 28, 1987.

Walter Gordon, Hartwell, Ga., for plaintiff.

John L. Lynch, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

■ Claimant's counsel, Walter Gordon, Esq., and Larkin Mims, Esq., have petitioned the court for an award of attorney's fees in the above-captioned case for their successful representation of claimant before the court. Pursuant to 42 U.S.C. § 406(b)(1), the court may allow claimant's counsel a "reasonable fee" of up to twenty-five percent of claimant's total past-due benefits. The court can, however, only award claimant's counsel reasonable attorney's fees for the work they have performed before the court. Fees for their work before the Social Security Administration must first be requested from the Social Security Administration. *See Tant v. Heckler*, 577 F.Supp. 448 (N.D.Ga.1983).

■ In determining a reasonable fee in this kind of case, the court must at minimum consider six factors:

(1) The time and labor required;

(2) The skill required;

(3) The contingency of the fee;

(4) The amount involved and the result obtained;

(5) The experience, reputation, and ability of the attorney; and,

(6) Awards in similar cases.

*See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). Before making findings in each of these areas, however, the court needs to first address the objections of the government to the fee petition.

■ The Secretary asserts that the fee petition in this case improperly contains claims for time related to the preparation of the instant fee petition and the previous EAJA petition, which, he asserts, is not compensable under section 406. While it appears that this Circuit has not yet addressed the issue, the few decisions on this subject seem to partially support the government's position. These cases indicate that where the sought after fee award would be assessed against the opposing party, the time spent recovering the fee is properly includable in the lodestar figure. When, however, the sought after fee award would come from a fund awarded to the plaintiff, a conflict of interest arises between the plaintiff and his attorney, because an award of fees for time spent obtaining attorney's fees has the effect of reducing the plaintiff's recovery. *See Whitt v. Califano*, 601 F.2d 160, 161 n.2 (4th Cir.1979); *Snizaski v. Heckler*, 602 F.Supp. 1119, 1122 (W.D.Penn.1985); and *Urbina v. Quern*, 482 F.Supp. 1013, 1016 n. 1 (N.D.Ill.1980). In other words, time spent by counsel to cause the opposing side to be liable for attorney's fees is compensable, while time spent by counsel to cause his own client to be liable for attorney's fees is not compensable. In this case, then, time spent by claimant's counsel to get a recovery under EAJA may be considered by the court in calculating a lodestar figure because success there would have meant that the government would have been ultimately liable for all attorney's fees. Time spent to prepare the instant motion, however, would not be properly includable in the lodestar figure since section 406 authorizes payment of attorney's fees to be made from the plaintiff's own funds. Any hours included for the filing of the instant motion are, therefore, disregarded.

■ Finally, the Secretary objects to the itemized statement of counsel that lists the hours expended on this case. The Secretary asserts that: (1) it is not sufficiently precise in giving the details of the work performed and the hours required to perform that work; and (2) it lists work per-

formed before the Social Security Administration which are not compensable by this court. In assessing these arguments, the court believes that the list provided by claimant's counsel, while somewhat inadequate, is sufficient to allow this court to ascertain what constituted a reasonable amount of time in this case to represent claimant fully.[1] Further, the court will simply disregard all items that constitute work before the Social Security Administration.[2] With these objections addressed, the court must now proceed to calculate a reasonable fee.

### Analysis

 Any fee award determination must start with what is generally called the lodestar figure. This is equal to a reasonable number of hours expended on the case multiplied by a reasonable hourly rate. *See Riverside v. Rivera*, 477 U.S. 561, ——, 106 S.Ct. 2686, 2691–92, 91 L.E.2d 466, 476 (1986); and *Jones v. Central Soya Co.*, 748 F.2d 586, 589 (11th Cir.1984). In making this determination the six factors already delineated should be looked to for guidance. Following a determination of the lodestar figure, the court should review the remaining *Johnson* factors to determine whether that figure should be adjusted either upward or downward.

### Reasonable Amount of Hours

 Mr. Mims' records indicate that he has spent 55.45 hours before this court representing his client. This figure is based upon entries dated from May 26, 1983, to present.[3] Mr. Gordon's records indicate that he spent a total of 17.7 hours before this court. In reviewing these hours, the court first finds that the time spent by counsel in filing the EAJA claim must be reduced. Counsel's failure to file this claim within thirty (30) days, as clearly required by the statute, precluded any chance of recovery claimant may have had. The timely filing requirement under EAJA is relatively settled law, and expenditure of time by claimant's counsel on this motion subsequent to the thirty-day period of time running was clearly unjustified, thus unreasonable. Accordingly, 10.0 of the 10.85 hours spent researching and preparing the EAJA motion is hereby stricken.

 Finally, after reviewing the documents filed in this case and the legal issues involved, although the hours spent appear to be somewhat excessive, the court finds 63.15 hours to be reasonable, given the success counsel achieved in this case for their client. The court is hesitant about reducing hours for work performed simply because the court believes that the work could have been done more efficiently. Absent more substantial proof of such inefficiency, the court will not second guess the propriety of these hours. The court will, however, consider this factor when it reaches the issue of enhancement. In determining a reasonable fee, the court now looks to the six factors previously stated by the court.

Factor 1: The court has found that 63.15 hours, while maybe slightly excessive, reasonable in this case.

Factor 2: The court does not believe that the issues in this case were extremely complicated nor complex requiring special expertise from counsel.

Factor 3: Counsel's fee was contingent in nature.

---

1. By so allowing, the court does not wish to give the impression that attorneys can take lightly the specificity requirement under section 406. *See Lewis v. Secretary HHS*, 707 F.2d 246 (6th Cir.1983); and Fed.R.Civ.P. 11 (The signature of an attorney ... constitutes a certificate by him that he has read the ... motion, ...; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ...).

2. For purposes of determining what constituted work before this court, the first recoverable attorney's fees will be the costs of preparing and filing the petition or complaint that commences the civil action. *See White v. United States*, 740 F.2d 836, 842 (11th Cir.1984).

3. The court notes that the total hours listed by Mr. Mims appears to be in error. He lists "Total Number of Hours" as 60.30 when it appears that it should be 73.30. The other totals appear to be in error as well. Because of this fact, the court will use the specific itimization of hours in making its determination, rather than these likely erroneous sums.

**1090**

Factor 4: Counsel have recovered $24,-480.00 in past due benefits for claimant.

Factor 5: Counsel have demonstrated their competence in this court.

Based upon these factors, as well as the court's knowledge of previous awards in this type of case, the court finds that $75.00 per hour is a reasonable fee. Furthermore, after considering the remaining factors set out in *Johnson*, the court finds that these factors present no reason to vary the lodestar figure either upward or downward. The court, therefore, awards claimant's counsel $4,736.25 for the 63.15 hours they spent on claimant's case. Claimant's counsel also seek $79.00 for costs incurred in this case. The court finds this sum to be reasonable, and, therefore, awards this sum as well.

For the foregoing reasons, the court awards attorney's fees in the amount of $4,736.25 for the 63.15 hours devoted to claimant's case, and $79.00 in costs. Counsel for claimant have informed the court that the Social Security Administration has already disbursed the amount normally withheld for the payment of attorney's fees directly to claimant due to the delay in filing the instant fee petition. The court, therefore, cannot direct the Social Security Administration to pay these sums, and counsel must now seek these funds from their client. The court also notes that this award is without prejudice to the right of claimant's counsel to apply to the Secretary, to the extent they are not time barred, for additional attorney's fees for the hours spent representing claimant before the Social Security Administration.