**Ravell SUMLER, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.**

**No. 87-1429.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 2, 1987.

Decided Dec. 8, 1987.

Denver L. Thornton, El Dorado, Ark., for appellant.

Larry R. McCord, Asst. U.S. Atty., Fort Smith, Ark., & Karen J. Behner, Health and Human Services, Dallas, Tex., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Ravell Sumler appeals the district court's order denying attorney fees under the Social Security Act (SSA), 42 U.S.C. § 406(b)(1), and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (Supp. III 1985). We affirm.

Sumler applied for disability insurance benefits under 42 U.S.C. §§ 416(i) and 423. Following an administrative law judge's denial of her claim for benefits, Denver L. Thornton became Sumler's attorney. Thornton filed a notice of appeal on behalf of Sumler, and when the request for review was denied, he filed a complaint in the district court seeking judicial review. Before the Secretary of Health and Human Services (Secretary) answered and before the transcript of the administrative proceedings was filed, Thornton filed a motion to remand. Fourteen months after the Secretary filed an answer to the complaint, the Secretary filed a motion for summary judgment, which Thornton did not oppose in any manner.

The district court issued an order reversing outright the final decision of the Secretary on the basis that the administrative law judge's decision was not supported by substantial evidence. In the same order, the district court expressed its view that Thornton's apparent failure diligently to represent Sumler in this case raised substantial questions about whether he unreasonably protracted the litigation to Sumler's detriment. The district court thus ordered Thornton to show cause why he should not be denied attorney fees.

In response to the show cause order, Thornton asserted his motion for remand was procedurally correct, and that he had conducted Sumler's case appropriately. Thornton requested amendment of the district court order with regard to the remarks made about his professional conduct. In a supplemental order the district court concluded the filings by Thornton were of no substantial benefit to Sumler and were of no assistance in the court's

determination to reverse the Secretary outright. The court thus denied attorney fees under both the SSA and the EAJA.

On appeal, Thornton's brief for Sumler argues the district court did not follow customary and proper procedures in issuing the show cause order. He also argues the negative assessment of his professional performance was unjustified and should be stricken from the district court's orders.

■ The use of a show cause order is within the discretion of the district court, *see* 28 U.S.C. § 1651(b), and absent a showing of prejudice, its use does not constitute an abuse of discretion. Thornton does not identify how he was harmed by the show cause procedure utilized by the district court. He was given an opportunity to justify the work performed and to demonstrate why he was entitled to attorney fees, but he failed to do so. Under these circumstances, we find no abuse of discretion.

■ Both the SSA and the EAJA give the district court discretion to award reasonable attorney fees, and a fee determination will not be disturbed on appeal unless the district court abused its discretion. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir.1986) (per curiam) (EAJA); *Rohrich v. Bowen*, 796 F.2d 1030, 1032 (8th Cir.1986) (SSA). In light of Thornton's use of standardized pleadings, his filing of a routine and premature motion to remand, and his failure to respond to the Secretary's motion, we cannot say the district court's assessment of Thornton's professional conduct was clearly erroneous. Thus, under the circumstances of this case, the district court did not abuse its discretion in denying attorney fees.

Accordingly, we affirm.