**Joe D. SUMNERS**

**v.**

**Louis W. SULLIVAN, Secretary, Health and Human Services.**

**No. 1:88-0424.**

United States District Court,
M.D. Tennessee,
Columbia Division.
Oct. 2, 1989.

[redacted]

William T. Warren, Asst. U.S. Atty., Nashville, Tenn. (Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel for Social Security, A. George Lowe, Chief, Disability Litigation Branch and Carl V. Hill, Atty., Office of Gen. Counsel,–Social Sec., of counsel), for Sullivan.

D.C. Daniel, Jr., Murfreesboro, Tenn., for Sumners.

## MEMORANDUM

MORTON, Senior District Judge.

Attorneys D.C. Daniel, Jr., and W. Howell Forrester petition this court for approval of an attorney fee. The fee petition stems from their successful representation of the plaintiff in his claim for Social Security disability benefits. As explained below, the court grants the request in part.

On April 10, 1989, this court granted the plaintiff's motion for summary judgment and accordingly remanded the case to the Secretary for an award of benefits. On remand, the Secretary determined that the total past due benefits, including those accrued to auxiliaries, amounted to $39,586.00. In accordance with standard procedure, the Social Security Administration then withheld $9,896.50 of this amount pending instructions from this court concerning a possible award of attorney fees. The withheld amount is equal to the 25 percent "cap" on attorney fee awards in Social Security cases. Not surprisingly, the amount is also equal to that granted by the contingency fee arrangement between the attorneys and the claimant. The attorneys now therefore request an award of the entire withheld amount of $9,896.50.

As is his duty in appropriate cases, the Secretary has objected to counsel's petition. Concluding that $9,896.50 is excessive or unreasonable, the Secretary proposes an award of $3,626.25. This figure represents a $75 hourly rate multiplied by 48.35 hours, the number of hours the Secretary asserts were reasonably expended in the prosecution of this case by plaintiff's counsel. This proposal is in turn attacked by plaintiff's counsel with ringing rhetoric which quotes from a Roman general and accuses the Secretary of masterful sophistry.[1]

---

1. The court cannot help but note a little irony in plaintiff counsel's argument. First, counsel holds himself out as the one who, through skilled argument, reasoning, and perseverance, protects the claimant from being at the mercy of the system. In essence, the argument goes, plaintiff attorneys in Social Security cases are the only ones fighting for the truth and "insist[ing] on justice." Second, having established

that, counsel requests a large fee for his argument, reasoning, pursuit of the truth, etc. Then, when the Secretary seeks to reduce the amount, he is attacked as engaging in "sophistry." Yet, one of the chief reasons for the sophist's original loss of public esteem was the fact that they charged fees for their legal, philosophical, and rhetorical training. Thus, if counsel pushes his sophist analogy to the extreme, his attack upon

■ Until recently, this court analyzed Social Security fee petitions in terms of lodestar amounts and along the guidelines of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and *Northcross v. Board of Education of Memphis*, 611 F.2d 624 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980). While this analysis is still relevant, recent Sixth Circuit developments have changed the picture substantially. In *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989), an en banc court stated that a contingency fee agreement between counsel and a Social Security claimant "should be given the weight ordinarily accorded a rebuttable presumption." The court then went on to say that if "the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore." *Id.*

These statements, and the *Rodriquez* opinion as a whole, indicate that this court must give much greater weight to the contingency fee agreement than it has in the past. However, *Rodriquez* in no way indicates that the court should blindly grant the full 25 percent without deeper analysis. Rather, the 25 percent agreed upon by the parties should be "the starting point for the court's analysis." *Id.* From that point, the court still has the duty to determine whether that amount is truly reasonable. While the 25 percent is presumptively reasonable, it is not per se reasonable. Thus, the court must examine the entire situation to decide whether the presumption has been rebutted.

■ In this case, the court concludes that the presumption of the reasonableness of the 25 percent amount has been rebutted because an award of $9,896.50 would be a "windfall" for the attorneys. A typical lodestar analysis helps demonstrate the unreasonableness of such a large fee award in this instance.

The attorneys have submitted an itemization of services which shows 23.6 hours of representation at the administrative level, and 29.75 hours of representation before this court, for a total of 53.35 hours. However, an item-by-item examination of the petition reveals that some time deductions are appropriate. First, 4.75 hours were clearly clerical in nature. Second, .75 hours related to counsel's pursuit of a time extension for filing his brief. There being no indication that the need for an extension was necessitated by the client, the client should not have to pay for time related to achieving that extension.[2] Of course, time related to the government's pursuit of a time extension will not be deducted. Third, 5.8 hours will be stricken as duplicative because they relate to one attorney shifting the case to a second attorney. This does not include time related to communicating with a third attorney that the claimant eventually contacted. This time is properly charged to the claimant. The communication time between the two attorneys who presently petition this court, however, should not be considered on a simple Social Security case such as this. Thus, the court concludes that 42.05 hours should be the reference point for determining whether or not $9,896.50 is a reasonable fee.

---

sophistry would also be an attack upon his own request for fees.

This observation, however, in no way reflects an opinion by this court that counsel should not be adequately compensated for their very important and worthwhile contribution to the goal of truth and justice. On the contrary, the court strongly believes that compensation must be sufficient to ensure capable and competent representation of Social Security claimants. Nevertheless, reasonable minds can differ about what is adequate or reasonable. While this court certainly does not openly embrace all sophist teaching, this is an area in which the sophists made a valuable contribution to Western thought. If nothing else, the sophists at

least demonstrated that something which appears black may actually contain some white, and that something which appears white may actually not be so white. Much depends on the perspective of the viewer. And that is true with the case at hand. What one side views as reasonable may not really be as reasonable as that side would like to portray. Hopefully, however, when both sides present their respective views of white and black, this court may objectively determine the true shades of color.

2. To some extent, the client "pays" anyway, because the accrued benefits from which fees may be taken continue to mount during the extended time.

A fee of $9,896.50 for 42.05 hours of work would translate into an hourly rate of almost $233. The court concludes this is clearly unreasonable. Nevertheless, the Secretary's approach of simply multiplying the number of hours by a relatively low hourly rate completely ignores the impact of *Rodriquez*. It is therefore unacceptable. *Rodriquez* unquestionably indicates that the agreement of the parties should carry great weight. The Secretary's approach gives no effect to the agreement, but rather moves the analysis right back to where it was before *Rodriquez*.

This court concludes the proper approach in this case is to multiply the time spent by an hourly rate which is at the high end of the spectrum of reasonable rates for this area, and then to upwardly enhance that amount to account for the contingent nature of the representation. In the past, $90 per hour has been at the high end of the spectrum of attorney fee awards. This rate multiplied by 42.05 hours amounts to $3,784.50. A 40 percent enhancement to account for the contingent nature of the representation raises the figure to $5,298.30. Adding $30 for each of the 4.75 clerical or paralegal hours results in a final fee computation of $5,440.80. In rejecting a higher enhancement, the court notes that *Rodriquez* also pointed out that the contingent nature of Social Security cases is not as significant as the contingency factor in the typical personal injury case or something similar. Unlike the typical tort action, "the amount of recovery [in a Social Security case] bears no relation to the lawyer's skill, effort or effectiveness." *Id.* at 743. While this may not in practice be completely true on every single occasion, it does point out a very important distinction. Thus the court concludes a fee award of $5,440.80 is reasonable in this case.

An appropriate order will be entered.