**Jerry KNAGGE, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 87–439–Civ–J–12.**

United States District Court, M.D. Florida, Jacksonville Division.

April 12, 1990.

---

412

William C. Davis, Jacksonville, Fla., for plaintiff.

Robert W. Genzman, U.S. Atty., Tampa, Fla., for defendant.

## ORDER CONCERNING PETITION FOR ATTORNEY FEES

MELTON, District Judge.

This matter is before the Court on the Petition for Allowance of Attorney Fees, filed on October 17, 1989, by plaintiff's counsel ("petitioner"). Petitioner, who successfully represented plaintiff in a claim for social security disability benefits, now seeks attorney fees pursuant to 42 U.S.C. § 406(b) (1982). Defendant filed his response to the motion indicating no opposition to the amount requested by petitioner.

Section 406(b)(1) provides for a discretionary award of attorney fees out of the past-due benefits recovered by a successful claimant in a social security proceeding. In other words, it allows for a contingent fee to be charged to the client, with the amount set by the district court subject to a statutory maximum. *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985). The total past-due benefits awarded in this case was $43,615.00. Petitioner seeks an award of $2,500.00 for attorney fees for his representation of plaintiff in this forum, in addition to the $6,200.00 that was authorized for his representation before the Social Security Administration. A total of $15,457.72, less the $6,200 in attorney fees before SSA, is being withheld from plaintiff's past-due benefits pending resolution of this fee application.

Plaintiff prevailed in obtaining benefits on remand from this Court's order dated January 20, 1988. Section 406(b) calls for approval of the fee award as part of the subsequent judgment favorable to

plaintiff. *See Cartledge v. Heckler,* 615 F.Supp. 545, 546–47 (N.D.Ill.1985). Moreover, in order to terminate this Court's jurisdiction over the proceedings for which remand was ordered and is now complete, an appropriate order must enter. *Taylor v. Heckler,* 778 F.2d 674 (11th Cir.1985). Consequently, the Court will require the filing of a motion to so terminate jurisdiction before this application can be processed further.[1] *Accord Thompson v. Sullivan,* 715 F.Supp. 1019, 1020–21 (D.Kan. 1989).

■ The Court's preliminary review of the fee application suggests that petitioner is entitled to a reasonable fee, as allowed by law. Because the past-due benefits often are an "already-inadequate stipend for the support and maintenance of the claimant and his dependents," *MacDonald v. Weinberger,* 512 F.2d 144, 146–47 (9th Cir. 1975), this Court is expected to ensure that the widely-used contingency fee arrangements in social security cases do not give a windfall to attorneys or reward inefficient work, *see, e.g., Rodriquez v. Bowen,* 865 F.2d 739, 747 (6th Cir.1989) (en banc); *Straw v. Bowen,* 866 F.2d 1167, 1169 (9th Cir.1989). Petitioner is, of course, entitled to receive the benefit, within reason, of his contract for compensation with plaintiff. *See, e.g., McGuire v. Sullivan,* 873 F.2d 974, 979–80 (7th Cir.1989); *Blankenship v. Schweiker,* 676 F.2d 116, 118 (4th Cir.1982). "The purposes of 42 U.S.C. § 406(b) … were (1) to limit the size of the contingency fees *payable by the client,* Congress believing that contingency fee arrangements in Social Security cases often resulted in an inordinate deprivation of benefits otherwise payable to the client, and (2) to ensure that attorneys would receive some fees for their representation." *Watford,* 765 F.2d at 1566 (emphasis added).

■ Petitioner steers a moderate and reasonable course in his fee request. Were petitioner to seek the full twenty-five percent contingency for his fee, the effective hourly rate for his time before this Court

would approximate $550.00. In candid recognition of the excessiveness of this figure, petitioner has proposed a lesser amount for his fee. Petitioner urges the use of the lodestar method for fixing a reasonable amount, taking as the multipliers his actual time worked of 16.75 hours and an hourly rate between $125.00 and $150.00. While the Eleventh Circuit Court of Appeals has not considered the propriety of using the lodestar method in social security cases, petitioner directs this Court to the Ninth Circuit Court of Appeals opinion in *Straw v. Bowen,* 866 F.2d 1167 (9th Cir.1989).

The Court is of the opinion that petitioner has offered an excellent method for calculating a reasonable attorney fee in this case. This endorsement, however, does not extend wholeheartedly to the use of the lodestar method in all cases, as *Straw* would direct. The circuits are split on the issue whether the lodestar method should control attorney fee awards or whether a contingency fee contract should be approved ordinarily. *Compare McGuire v. Sullivan,* 873 F.2d 974 (7th Cir.1989) (contingency fee usually should be honored) *and Rodriquez v. Bowen,* 865 F.2d 739 (6th Cir.1989) (en banc) (contingency fee given presumption) *with Cotter v. Bowen,* 879 F.2d 359, 362–65 (8th Cir.1989) (reasonable fee must be calculated by reference to lodestar method); *Straw v. Bowen,* 866 F.2d 1167 (9th Cir.1989) (same); *Craig v. Secretary, Dep't of Health & Human Servs.,* 864 F.2d 324, 327–28 (4th Cir.1989) (finding error in presumption that contractual fee is reasonable and directing use of lodestar method); *Wells v. Bowen,* 855 F.2d 37, 43–46 (2d Cir.1988) (directing use of lodestar method and outlining ways to account for contingency risk in fee award); *Ramos–Colon v. Secretary of Health & Human Servs.,* 850 F.2d 24, 26–27 (1st Cir. 1988) (also finding error in presumption that contractual fee is reasonable and directing use of lodestar method); *Coup v. Heckler,* 834 F.2d 313, 324 (3d Cir.1987) (approving lodestar method but suggesting

---

1. The Court could terminate jurisdiction *sua sponte.* It will not do so, however, because the requirements imposed herein concerning EAJA attorney fees may influence plaintiff's timing for the submission of a motion.

that enhancement for contingency risk should be treated liberally).

Given the two competing objectives of section 406(b), it is not surprising that these divergent views are held. Without direct guidance from the Eleventh Circuit, this Court has evolved a practice that resembles the policy established by the Seventh Circuit:

> [T]he fee agreement entered into by the parties should be the starting place for a court's review but that amount may be reduced if appropriate. If the fee award amounts to a "windfall," the court must carefully review the reasonableness of the contingency agreement. In all cases, the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations.

*McGuire,* 873 F.2d at 981. In application, the Court evaluates the amount of the contingency agreement fee by comparison to the effective hourly rate for the attorney's services. If that rate is excessive by the Court's experience, counsel may present proof of the reasonableness of the fee. Barring such proof, the Court must ignore the contingency fee agreement and apply the lodestar method, *see Sumners v. Sullivan,* 730 F.Supp. 99 (M.D.Tenn.1989) (finding contingency fee presumption rebutted and using lodestar method instead), with the burden on counsel to demonstrate the reasonable hourly rate of compensation and the time reasonably expended, *see Perkins v. Mobile Housing Bd.,* 847 F.2d 735 (11th Cir.1988); *Norman v. Housing Auth.,* 836 F.2d 1292 (11th Cir.1988) (setting forth procedures for review of fee requests by lodestar method); *see also In re Trinity Indus.,* 876 F.2d 1485, 1495 (11th Cir.1989) (endorsing additional procedures for adjusting lodestar), *aff'g* 674 F.Supp. 337 (M.D.Fla.1987).

Petitioner admits his inclusion within the group of those attorneys whose contingency fee agreements cannot be enforced consistent with section 406(b). While he submits his figures for the lodestar method without supporting documentation, the Court may overlook the omission in this instance because his hourly rate figure is well within the Court's experience for the range of reasonable hourly rates for the compensation of attorneys in social security cases. *See Norman,* 836 F.2d at 1303 (court may rely on its experience in the face of insufficient documentation for fee award). The Court therefore concludes that petitioner's requested fee of $2,500.00, which is unopposed by the government, is reasonable for purposes of section 406(b).

■ The Court cannot proceed to approve petitioner's fee at this time because it is of the opinion that counsel has both statutory and ethical obligations to investigate the propriety of an application for a fee award pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), before receiving approval of a fee award to be deducted from the plaintiff's past-due benefits. This review must be conducted promptly inasmuch as a petition for EAJA fees, if appropriate, must be filed within thirty days from the date of the order terminating jurisdiction over this case. *See Myers v. Sullivan,* 710 F.Supp. 1333 (M.D. Fla.1989).

Many courts have announced a policy in favor of such review by counsel. *See, e.g., Sumler v. Bowen,* 656 F.Supp. 1322, 1338–39 (W.D.Ark.), *aff'd,* 834 F.2d 711 (8th Cir. 1987); *Dowdy v. Bowen,* 636 F.Supp. 591, 594 (W.D.Mo.1986); *Taylor v. Heckler,* 608 F.Supp. 1255, 1259–61 (D.N.J.1985) [hereinafter *Taylor N.J.*]. "[W]henever a credible argument can be made that the government's position in opposing certain social security benefits was not substantially justified, the attorney working under a contingent-fee agreement can best defray the client's cost of legal services by seeking both EAJA and SSA fees." *Wells,* 855 F.2d at 42. The point of requiring review by petitioner is to ameliorate the inherent conflict of interest between attorney and client that may result when counsel relies solely on the availability of a fee pursuant to 42 U.S.C. § 406(b). *See, e.g., Strickland v. Bowen,* 669 F.Supp. 1086, 1088 (M.D.Ga. 1987); *Taylor N.J.,* 608 F.Supp. at 1259.

"It would behoove counsel, in the interest of providing the best possible representation of their social security clients, to first attempt to collect their fee award and recover expenses from the United States rather than from their client's past-due benefits." *Dowdy*, 636 F.Supp. at 594.

The foregoing authority leads the Court to impose an obligation on petitioner to evaluate the merits of filing for attorney fees pursuant to EAJA and, within the time permitted by law, either file a petition for such fees or a notice to the Court that, after investigation, petitioner has determined that such an application is not appropriate in this case. Since attorneys making application pursuant to section 406(b) must inform their clients of the application, *see* 20 C.F.R. § 404.1725(a)(7), Judge Sarokin of the United States District Court for the District of New Jersey has held,

> Henceforth ... the court will require that enhanced notice be given as part of counsel's fee application to the client informing:
>
> (1) that the client may object to the fee imposed either in person or by letter; and
>
> (2) that counsel has chosen to make application under the section 406(b) rather than under the EAJA and why (or that application under EAJA has been made and denied).

*Taylor N.J.*, 608 F.Supp. at 1261 (also requiring such notice to be filed with the court); *see Snee v. Secretary of Health & Human Servs.*, 660 F.Supp. 736, 741 (D.N. J.1987) (Fisher, C.J.) (indicating adoption of *Taylor* procedures by all judges of that district court). This Court will not impose a similar requirement, however, because it is confident that members of the Bar voluntarily undertake this kind of client contact. Failure to make investigation and report to the Court, though, may result in diminution or denial of any subsequent fee request pursuant to section 406(b). *See, e.g., Sumler*, 656 F.Supp. at 1343; *Taylor N.J.*, 608 F.Supp. at 1260.

The Court does not foresee that the foregoing requirement places any burden upon petitioner that counsel does not already bear. Generally speaking, an EAJA ·fee petition should not take long to prepare. *See Spruil v. Bowen*, 691 F.Supp. 302, 307 & n. 5 (M.D.Fla.1988). Indeed, the time preparing an EAJA fee petition is compensable under EAJA itself, *see, e.g., Jean v. Nelson*, 863 F.2d 759, 778–80 (11th Cir. 1988), and under section 406(b) even if the EAJA application ultimately is denied, *see, e.g., Strickland*, 669 F.Supp. at 1088; *Losco v. Bowen*, 638 F.Supp. 1262, 1266–67 (S.D.N.Y.1986), although time spent preparing an application for approval of an attorney fee award solely based on section 406(b) is not compensable, *see, e.g., Whitt v. Califano*, 601 F.2d 160, 161 n. 2 (4th Cir.1979); *Strickland*, 669 F.Supp. at 1088. Thus, the value of petitioner's efforts are adequately recognized under existing law.

The present fee application will be held in abeyance because section 406(b) remains available as a supplement to an EAJA fee award, if a reasonable fee exceeds the amount permitted by the EAJA statutory fee cap. *Cf. Shoemaker v. Bowen*, 853 F.2d 858, 860 n. 3 (11th Cir.1988) (affirming district court order that awarded both EAJA and section 406(b) fees and directed payment by attorney of smaller fee to claimant). That is certainly the case here inasmuch as petitioner has suggested an hourly rate of $150.00, well above the $75.00 per hour (plus cost-of-living adjustment, if appropriate) set by EAJA. The Court will revisit the section 406(b) fee in conjunction with petitioner's determination of the propriety of an EAJA fee petition, and said petition if one is filed. Accordingly, it is

ORDERED AND ADJUDGED:

1. That the Court's ruling on the Petition for Allowance of Attorney Fees is hereby deferred pending the filing and disposition of a motion to terminate jurisdiction over this case and such other proceedings as are required herein;

2. That petitioner is hereby directed to evaluate the merits of filing for attorney fees pursuant to EAJA and, within the time permitted by law, either file a petition for such fees or a notice to the Court that, after investigation, petitioner has deter-

mined that such an application is not appropriate in this case;

3.   That failure to make such an investigation and report to the Court within the time allotted may result in diminution of the amount of or denial of the fee request made pursuant to section 406(b);  and

4.   That the Secretary is hereby directed to release immediately to plaintiff the amount of $6,757.72 from the retained funds and to continue to retain $2,500.00 pending further disposition of petitioner's motion.

DONE AND ORDERED.