966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Orlando Joseph PAGLIO, Plaintiff-Appellant,
v.
CHAGRIN VALLEY HUNT CLUB CORPORATION, doing business as
Chagrin Valley Hunt Club; Paul J. Vignos, Jr.,
Defendants-Appellees.
 No. 91-3983.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1992.
 
 Before BOYCE F. MARTIN and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Orlando Joseph Paglio, proceeding with benefit of counsel, appeals from the judgment of the district court denying his motion for partial summary judgment and granting defendants' motion for summary judgment. The parties have waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, Paglio brought suit against his former employer, the Chagrin Valley Hunt Club Corporation (Hunt Club) and the President of the Hunt Club's Board of Directors, Paul J. Vignos, Jr., under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., and the Ohio Fair Employment Practice Law. O.R.C. § 4112.02, et seq. Paglio alleged that he was forced to retire because of his age. He also asserted three pendent state claims.
 
 
 3
 The district court denied Paglio's motion for summary judgment and granted defendants' motion for summary judgment. The court also dismissed Paglio's pendent state claims on jurisdictional grounds. More specifically, the district court determined that a genuine issue of material fact existed with regard to Paglio's allegation that his age was a motivating factor in the decision to terminate his employment. On the other hand, the evidence was uncontradicted that Paglio took money from the Hunt Club under false pretenses for which the Club was legally entitled to terminate his employment under the doctrine of "after-discovered evidence" announced in Summers v. State Farm Mutual Auto Ins. Co., 864 F.2d 700 (10th Cir.1988).
 
 
 4
 Paglio was hired as the Club Manager for the Chagrin Valley Hunt Club in 1971 and held that position for eighteen years, until May of 1989 when he reached the age of 65. That is when he was forced to retire according to his complaint. Defense affidavits reveal a growing dissatisfaction with Paglio's stewardship of the Club and a decision on the part of the Board of Directors to allow Paglio to retire with dignity instead of being fired outright.
 
 
 5
 Denial of Paglio's motion for summary judgment on the grounds that a material issue of fact exists is reviewed for abuse of discretion. Pinney Dock & Trans. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Upon review, we find no abuse of discretion. The district court's memorandum opinion makes it clear that the court applied the standard set forth in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) ("mixed motive" test, age as a motivating factor). The court, upon considering the pleadings, found that Paglio maintained that his job performance was never called into question and that his age was repeatedly mentioned as the reason for his forced retirement, while defendants' affidavits consistently established serious deficiencies with Paglio's job performance and a reasoned decision by the board of directors to allow him to retire at age 65. There exists a genuine issue of material fact as to whether Paglio's age was a motivating factor in his dismissal.
 
 
 6
 The district court did not err in granting defendants' motion for summary judgment. The grant of defendants' motion for summary judgment is reviewed de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In determining whether a genuine issue of fact exists, the court must view the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).
 
 
 7
 Paglio admitted in his deposition that the Club authorized his attendance at a convention of club managers in Hawaii at a cost of $2,500. Instead of attending the convention, however, Paglio used the money to travel to Florida on a personal matter. He did not report his use of the money to the Club and he was retired without the Club having knowledge of his use of the money. Later, Paglio admitted not attending the convention and repaid a portion of the money with the explanation that he had used the money in the way he did because of "hard feelings" towards the Club for retiring him and for not authorizing additional monies for side trips to Maui and Las Vegas. Under the rule set forth in Summers v. State Farm Mutual Auto Ins. Co., 864 F.2d at 708, even if the Club was motivated to discharge Paglio because of his age, the misuse of Club funds discovered after Paglio's retirement provided an independent basis for termination. Inasmuch as the misuse of Club funds is factually uncontroverted, there exists no genuine issue of material fact and the moving party (the Club) is entitled to judgment as a matter of law. Summary judgment in favor of the Club was not in error.
 
 
 8
 Finally, Paglio argues that even if this court affirms the district court by finding that it was correct in granting summary judgment under Summers, this case should be remanded so that Paglio may establish his entitlement to declaratory relief, injunctive relief and attorney fees and costs under 42 U.S.C. § 2000e-5, as amended by the Civil Rights Act of 1991.
 
 
 9
 The Civil Rights Act of 1991 does not apply retroactively to this case. Final judgment from which Paglio appeals was entered on September 17, 1991. The Civil Rights Act of 1991 became effective on November 21, 1991. In Vogel v. City of Cincinnati, No. 91-3474, 1992 WL 45451 (6th Cir. March 13, 1992), this court held that retroactive application of the Act would affect substantive rights and liabilities of the parties to that action, and in light of the lack of legislative or judicial guidance on the question, declined to apply the act retroactively.
 
 
 10
 It is recognized that the Act is a remedial statute, to be broadly construed and liberally applied. See generally O'Daniel v. Richardson, 458 F.2d 330, 334 (6th Cir.1972). However, the holding in Vogel prevents retroactive application of the 1991 Act and, by analogy, any change in age discrimination law.
 
 
 11
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.