Jill **CONAWAY**, Plaintiff,

v.

**AUTO ZONE, INC.**, Defendant.

No. 3:93CV7391.

United States District Court,
N.D. Ohio,
Western Division.

June 27, 1994.

Bruce Comly French, Lima, OH, for plaintiff.

S. Mark Klyza, Kullman, Inman, Bee & Downing, New Orleans, LA, for defendant.

## OPINION AND ORDER

JOHN W. POTTER, Senior District Judge:

This matter is before the Court on defendant's motion for summary judgment, plaintiff's opposition and defendant's reply. The Court has also received plaintiff's supplemental opposition, defendant's reply to the supplemental opposition, plaintiff's second supplemental opposition and defendant's reply to the second supplemental opposition. None of the aforementioned supplements were filed with leave of Court. However, in the interest of justice, the Court will include the supplemental memoranda of each party in its consideration of defendant's motion.

The complaint in this case alleges sexual harassment and discrimination in violation of Ohio Rev.Code Chapter 4112. This action was removed from the Allen County Court of Common Pleas pursuant to 28 U.S.C. § 1441 upon this Court's jurisdiction under 28 U.S.C. § 1332. Defendant asserts that it is entitled to judgment in its favor pursuant to Fed.R.Civ.P. 56.

Under the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The Supreme Court has recently stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).... In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)).

*Ralph Shrader, Inc. v. Diamond International Corp.*, 833 F.2d 1210, 1213 (6th Cir. 1987).

*Matsushita* demands only that the nonmoving party's inferences be reasonable in order to reach the jury, a requirement that was not invented, but merely articulated in that decision. If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted.

*Eastman Kodak Co. v. Image Technical Servs., Inc.,* —— U.S. ——, ——, 112 S.Ct. 2072, 2083, 119 L.Ed.2d 265 (1992) (footnote omitted).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law of the case identifies which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only disputes of facts affecting the outcome of the suit under the applicable substantive law will preclude the entry of summary judgment. *Id.* A moving party may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." ... Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

■■■ Defendant bases its motion for summary judgment on the line of authority which holds that after-acquired evidence of employee misconduct effectively precludes a plaintiff from pursuing damages against a former employer for discriminatory dis-

charge. *See Johnson v. Honeywell Information Systems, Inc.,* 955 F.2d 409 (6th Cir. 1992); *Milligan–Jensen v. Michigan Technological Univ.,* 975 F.2d 302 (6th Cir.1992). As Judge Bell has explained, the after-acquired evidence doctrine encompasses two categories of analysis:

> The first category of cases may roughly be described as "would have hired" cases and essentially involve "resume fraud". In such a case, the employee falsifies his or her employment application or resume. If this falsification is later discovered, "summary judgment is appropriate where the misrepresentation or omission was material, directly related to measuring a candidate for employment, and was relied upon by the employer in making the hiring decision." *Johnson v. Honeywell Information Systems, Inc.,* 955 F.2d at 415. In other words, the question is whether the plaintiff/employee would have been hired had he or she truthfully filled out his application or resume. *See e.g., Washington v. Lake County, Ill.,* 969 F.2d 250, 254 (7th Cir.1992) (cited with approval in *Milligan–Jensen v. Michigan Tech. Univ.,* 975 F.2d 302, 305 n. 3 (6th Cir.1992))....

> The second category is often characterized as "would have fired" cases and most often arises when an employee, post-hire, engages in misconduct, although resume fraud cases may also be analyzed under the "would have fired" standard. *See Milligan–Jensen v. Michigan Technological Univ.,* 975 F.2d 302 (6th Cir.1992). If there is no genuine issue that the employee would have been fired had the misconduct been known, summary judgment in favor of the defendant/employer is appropriate. *Paglio v. Chagrin Valley Hunt Club Corp.,* 1992 WL 144674 at *2, 1992 U.S.App. LEXIS 15399 at *2.

*Baab v. AMR Servs. Corp.,* 811 F.Supp. 1246, 1255 (N.D.Ohio E.D.1993).

■■■ In addition to federal discrimination charges, the doctrine of after-acquired evidence also applies to discriminatory discharge claims premised, as in this case, upon

Ohio law.[1]  *Id.* at 1254.  Therefore, if the uncontroverted facts in this case satisfy the after-acquired evidence doctrine set forth above, defendant is entitled to summary judgment.

■  The uncontroverted evidence demonstrates that plaintiff's employment application with defendant contains certain misrepresentations and omissions.  Specifically, the application states that plaintiff ended her employment with Dollar General Stores in order to enter college on a full-time basis, when, in fact, she left Dollar General to take a position at Aldi.  Plaintiff's dep. at p. 28, Ex. 7.  Plaintiff's application states that she worked at Dollar General from February, 1987 to April, 1989, when she actually left Dollar General on March 3, 1989.  Plaintiff's dep. at p. 19, Exs. 2, 7.  Plaintiff did not list Aldi as one of her previous employers.  Plaintiff's dep. at p. 28, Ex. 7.  Plaintiff indicated on her application that she had not been terminated or asked to resign from a position when, in fact, she had been terminated by Aldi.  Plaintiff's dep. at pp. 22–23, Exs. 5, 7.  Finally, plaintiff certified, in her application, that the application was true and complete, when, in light of the foregoing, it was not.  Ex. 7.

Based upon the declarations[2] of Terry Dale and William Byers, defendant argues that it has demonstrated each element of the so-called "would have hired" doctrine set forth in *Baab.*  Exs. 8, 9.  The uncontroverted declarations establish that defendant hires hourly employees by obtaining written applications and that plaintiff was selected for an interview based upon her application.  In making its decision as to which applicants to interview and which interviewees to hire, defendant relies upon the information in the application, particularly the employment history section.  The declarations establish that,

had defendant known that plaintiff had misrepresented her employment history, she would not have been hired.

As evidence in support of the "would have fired" doctrine, defendant offers the following language which is contained in plaintiff's employment application:

[I] understand that if employed, false or omitted statements on this application or any other Company documents shall be considered sufficient cause for immediate dismissal.

Ex. 7.  Defendant offers the declaration of Larry Dillon which states that the defendant has enforced the above policy and terminated other individuals when it has learned that their applications contained false information and that had defendant discovered during plaintiff's employment that she had falsified her application, she would have been terminated.  Ex. 10.

Defendant has therefore established that the misrepresentations and omissions at issue were directly related to measuring a candidate for employment and that the misrepresentations were relied upon by defendant in making its hiring decision.  The declarations submitted by defendant that (a) had defendant known that plaintiff had misrepresented her employment history, she would not have been hired;  and (b) had defendant discovered during plaintiff's employment that she had falsified her application, she would have been terminated satisfy the materiality requirement of the after-acquired evidence doctrine.

In opposition to the motion, plaintiff raises several issues.  Plaintiff asserts that an instructor had counseled her to omit employment of short duration from her employment applications.  She further asserts that since the Ohio Bureau of Employment Services

---

1.  Earlier in this action, plaintiff moved to certify this issue to the Ohio Supreme Court.  That motion was denied by this Court's Order of January 3, 1994, in large part, due to the insightful analysis of Judge Bell in the *Baab* decision.  In that case, the court held that in light of Ohio's adoption of federal interpretation of parallel discrimination laws, the Ohio Supreme Court would, if confronted with the issue, apply the after-acquired evidence doctrine to state discrimination claims.

2.  The declarations are presumably offered pursuant to 28 U.S.C. § 1746 which provides, in pertinent part, that an unsworn declaration, made in writing and subscribed as true under penalty of perjury and in substantial compliance with the forms contained therein, shall have the same force and effect as an affidavit.  The declarations therefore satisfy the evidentiary requirement of Fed.R.Civ.P.  56(e).

found that her termination from Aldi was without cause,[3] she did not list that termination. These assertions are at the same time immaterial and belied by her own testimony.

Plaintiff's purported justification for making the intentionally false or misleading statements or omissions is simply not relevant. Plaintiff admitted in her deposition that she "felt bad" about the misrepresentations and omissions. Plaintiff's dep. at p. 34.

In a final attempt to raise a genuine issue of material fact, plaintiff offers the deposition testimony of Michael Ransdell, the former manager of the store where plaintiff was employed. Ransdell testified that plaintiff's original employment application was lost and that he obtained a subsequent employment application from her after she was already working at the store. Ransdell dep. at pp. 43–46. Further, Ransdell testified that when plaintiff was filling out the second application, he told her to fill it out quickly because customers were waiting and that she did not need to be accurate. *Id.*

Even assuming, as the Court must, the truth of this testimony, plaintiff fails to raise a genuine issue of material fact. A careful reading of plaintiff's deposition testimony reveals that she admits she intentionally omitted any reference to her employment at Aldi and attributed the omission to advice from an instructor. Conspicuously absent from her testimony is any hint that she filled out more than one application or that she accidentally omitted certain items from her application because she was counseled to do so by her manager. Plaintiff identified the application submitted as Exhibit 7 as being genuine and offered explanations for the misrepresentations and omissions which it contained. She also identified the June 7, 1992 date as being in close proximity to her graduation from Lima Technical College, apparently to bolster her explanation that an instructor had suggested that certain information not be included when completing the employment history portion of an employment application.

The second employment application theory is simply insufficient as a matter of law to raise a genuine issue of material fact in light of the uncontroverted facts in this case.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant's motion for summary judgment be, and hereby is, GRANTED.

---

3. Thereby entitling her to receive unemployment compensation.